[No. 5507.]

IN THE MATTER OF THE ESTATE OF JOSÉ SANTIAGO BARTON, DECEASED.

INSTRUMENT IN WRITING INTENDED AS A LAST WILL AND TESTAMENT, BUT NOT NAMING AN EXECUTOR.—Held, that the naming of an executor is not essential to the validity of a will.

WHEN DECEDENT NOT INTESTATE.—A decedent who has left an instrument in writing, entitled to probate as his last will and testament, did not die intestate within the meaning of sec. 1365 of the Code of Procedure.

IDEM.—In such case the granting of letters of administration, with the will annexed, is limited to the order prescribed in said section.

José Santiago Barton was a resident of the County of Los Angeles, where, on the 22nd day of September, 1876, he died, leaving real estate valued at about $10,000, and an instrument, written and subscribed by himself, as follows:

" WILL.

" JANUARY 30th, 1875.

" This is to show that if anything should happen to me, and I should fail suddenly, I, the undersigned, will, after paying all debts, all my property to William and Joseph Perdeu, brothers.
" (Signed)                    JAS. R. BARTON.
" Filed October 25th, 1876."

Thereafter, on the 6th day of October, 1876, J. E. Griffin, Public Administrator of said county, petitioned the Probate Court of said county for letters of administration, alleging that deceased died intestate, and without heirs.   On the 30th day of October, 1876, Joseph Perdeu petitioned said Probate Court for letters of administration, with the will annexed, to be issued to said petitioner and Wm. R. Rowland, a fit and competent person, averring the foregoing instrument to be the last will and testa-

ment, and said petitioner, and his brother, William Perdeu, sole devisees of said deceased. On the 17th day of November, 1876, upon the hearing of said petitions, said will was duly proved and admitted to probate, and thereupon the Court made the following order, to wit :

" [Title of Court and Cause.]

" In the matter of the application of the petitions of Joseph Perdeu and Wm. R. Rowland, petitioners, and of J. E. Griffin, Public Administrator, for letters of administration upon the estate of said deceased: The Court finds that the petitioners, Joseph Perdeu and Wm. R. Rowland, are fit, proper, and competent persons to serve as administrators, with the will annexed, of the estate of said deceased, and if the appointment rested in the discretion of the Court, the Court would appoint said Perdeu and Rowland such administrators; but in the opinion of the Court, the Public Administrator is, under the statute of California, entitled to letters as a matter of right. It is therefore ordered that J. E. Griffin, Public Administrator in and for said county, be, and he hereby is, appointed administrator of said estate with will annexed.        H. K. S. O'MELVENY,
" December 4th, 1876.                        Probate Judge.
" Filed December 4th, 1876."

From this order the appeal was taken.

*Thom & Ross*, for Appellants.

By the COURT :

It is provided by sec. 1365, Code of Civil Procedure, that " administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order," etc. The decedent left a last will and testament by which he disposed of all of his property, and this will has been admitted to probate. The Court found that Thomas Perdeu, one of the devisees, and William R. Rowland are fit and competent persons to serve as administrators with the will annexed of the estate of the decedent; but was of the opinion that the

Public Administrator was entitled to letters of administration,. as a matter of right—no person named in sec. 1365 prior to the Public Administrator having petitioned for letters.

The correctness of the determination of the Probate Court depends upon the question whether a decedent who left an instrument which is entitled to probate as his last will and testament can be held, within the meaning of sec. 1365, to have died intestate. It is said in the notes to 1 Redfield on Wills, 5, that the opinion that the naming of an executor was indispensable to the validity of a will "has long since been abandoned in England, and never obtained in the United States." Many documents which omitted to name an executor have been admitted to probate in the Courts of this State, and we are satisfied that in this State the naming of an executor is not essential to the validity of a will. A decedent whose will is entitled to be admitted to probate did not die intestate, and therefore sec. 1365 is not applicable to this case, and the Probate Court, in granting letters of administration with the will annexed, is not limited to the order therein prescribed.

Order reversed, and cause remanded for further proceedings in accordance with this opinion.