Harrison, J, Van Fleet, J., Garoutte, J.

---

[S. F. No. 633. Department One.—September 15, 1897.]

In the Matter of the Estate of JOHN McDONALD, Deceased.

Estates of Deceased Persons—Death of Sole Executrix—Letters with Will Annexed—Rights of Public Administrator against Sister of Executrix—Discretion—Waiver of Commissions.—Where a widow was appointed sole executrix of the will of her deceased husband, but died several years after his death, without having applied for letters, the public administrator is entitled to letters of administration upon the estate of the deceased husband with the will annexed, as against the sister of the deceased executrix, who was executrix of her will; and the court has no discretion to refuse such letters to the public administrator, and to grant them to the sister of the deceased executrix, notwithstanding her offer to waive commissions, in the interest of the estate.

Id.—Construction of Code—Default in Letters Testamentary—Death of Executor before Probate of Will—Grant of Letters as in Cases of Intestacy.—Under section 1350 of the Code of Civil Procedure, which provides that "if the sole executor or all the executors are incompetent, or renounce, or fail to apply for letters, or to appear and qualify, letters of administration with the will annexed must be issued as designated and provided for the grant of letters in cases of intestacy," it is the manifest intention of the legislature to make the provisions of section 1365 of the same code, regulating the grant of letters in cases of intestacy, applicable in any case provided for in section 1350, including cases where the executor dies before the will has been probated or letters have been issued.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting letters of administration with the will annexed, and denying the application of the public administrator therefor. Charles W. Slack, Judge.

The facts are stated in the opinion.

J. D. Sullivan, for Appellant.

W. A. Plunkett, for Respondent.

CHIPMAN, C.—John McDonald died testate in December, 1879, naming his wife, Rosanna, executrix of his will. Rosanna died testate in December, 1893, naming her sister, Cecelia McNeil, executrix of her will, without having commenced proceedings to probate the will of her said deceased husband.

On October 15, 1895, Cecelia McNeil applied for letters of administration with the will annexed of the said John McDonald, deceased, and on October 21, 1895, A. C. Freese, public administrator of the city and county of San Francisco, made a like application. Upon the hearing of the petitions the court granted letters to the said Cecelia McNeil and denied the petition of the said Freese. The proceeding is here upon the appeal of the public administrator from the order of the court granting letters to the said Cecelia McNeil.

Appellant claims, as of right, that by the provisions of section 1350 of the Code of Civil Procedure, he was entitled to letters of administration. That part of the section relied upon reads as follows: "If the sole executor or all the executors are incompetent, or renounce, or fail to apply for letters, or to appear and qualify, letters of administration with the will annexed must be issued *as designated and provided for the grant of letters in cases of intestacy.*" Section 1365 of the Code of Civil Procedure prescribes the order in which the persons therein designated are entitled to "administration of the estate of a person dying intestate." This list of persons includes the public administrator, but does not include the sister of the widow of deceased, respondent here. Respondent concedes that she has no prior right over appellant, but insists that the case is not governed by section 1350 of the Code of Civil Procedure, and that the court therefore had a discretion to appoint either herself or appellant.

In *Estate of Barton*, 52 Cal. 538, it was held that where a decedent has left a will entitled to probate he did not die intestate within the meaning of section 1365 of the Code of Civil Procedure, and in such cases the granting of letters with the will an-

nexed is not limited to the order prescribed in said section. After this decision was rendered section 1350, *supra,* was amended by adding thereto the part of the provision above quoted in italics.

The result of this decision was, that cases arising where there was a valid will were not controlled by section 1365. Section 1350 at that time provided that in the cases enumerated therein letters must be issued, but omitted to provide how or to whom. The amendment supplied this omission by declaring that they must be issued "as designated and provided for the grant of letters in cases of intestacy."

Barton in his will did not name any person as executor, but his devisees applied for letters, as did also the public administrator. The lower court said: "If the appointment rested in the discretion of the court, the court would appoint Perdue & Rowland such administrators; but, in the opinion of the court, the public administrator is entitled to letters as a matter of right." This view of the law was held to be erroneous, and that the court was not limited to the order prescribed in section 1365. In other words, the power to appoint rested in its discretion.

Rosanna McDonald died four years after the death of decedent, without having applied for letters, and appellant urges that the case is thus brought within this amendment of section 1350.

Respondent suggests that there are at least three cases not provided for by section 1350, namely: 1. Where no executor has been appointed by the will; 2. Where the executor to whom letters have issued dies pending administration; 3. Where, as in this case, the executor dies before the will has been admitted to probate or letters have been issued; and that all these cases stand upon the same footing. It is urged that respondent did not "fail to apply, because failure involves neglect, inaction, or desertion, not attributable to a person who is dead."

It seems to us that the intention of the legislature is plainly manifest in the language used, and that the purpose was to make the provisions of section 1365 applicable in any case falling within the terms of section 1350. There was here a failure to apply for four years, followed by the death of the executrix named without any application made. If the question had aris-

en in the lifetime of the executrix—we will say after three years of neglect to appear and qualify or failure to apply—it may be that she could have satisfactorily explained her apparent laches and thus have defeated the counter application of the public administrator; a discretion might in such case rest with the court in deciding whether she had renounced her right to letters, subject to review for its abuse. (Code Civ. Proc., sec. 1301.) But here she did entirely "fail to apply for letters," and to say that the statute does not embrace such a case is to interpolate in the section a proviso making it to read "or fail to apply for letters [during the lifetime of such executor or executors] letters . . . . must be issued . . . . as in cases of intestacy." We must give effect to the statute as we find it; and, where the intent is given expression in plain and unambiguous language, the courts cannot add to or subtract from the act unless forced to do so in order to obviate impractical or absurd results.

It is our conclusion that the court erred in assuming that it was within its discretion to grant letters to the respondent. The fact that she offered to waive the commissions to which she would be entitled, in the interest of the estate, which was small, might be properly considered if the power to appoint were discretionary with the court, but, as it is not, no such consideration was competent or material in determining the question.

The order of the court should be reversed, with directions to grant the petition of the public administrator, and it is so recommended.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order of the court is set aside, with directions to grant the petition of the public administrator.

Harrison, J., Van Fleet, J., Garoutte, J.