[S. F. No. 1049.   Department One.—March 23, 1898.]
In the Matter of the Estate of LOUIS VON BUNCKEN, Deceased.

ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION WITH WILL ANNEXED—PRIORITY OF RIGHT—FAILURE TO NAME EXECUTOR.—Where a will omits to appoint an executor, the public administrator has not a prior right, as against a legatee, to letters of administration with the will annexed. The provision of section 1350 of the Code of Civil Procedure, for the issuance of letters of administration with the will annexed, upon certain conditions, as in cases of intestacy, only applies to cases where an executor has been named in the will.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting letters of administration with the will annexed.   Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

J. D. Sullivan, and Herbert Choynski, for Appellant.

M. B. Kellogg, and Edward M. Adams, for Respondent.

GAROUTTE, J.—Deceased left a will giving all his property to three legatees, but appointing no executor. One of these legatees, with the consent of the others, filed a petition for the probate of said will, and asked to be appointed administrator with the will annexed. The public administrator also asked for letters of administration, and has appealed from an order denying his right and appointing the legatee, claiming that under the circumstances here presented section 1365 of the Code of Civil Procedure relating to the appointment of administrators in cases of intestacy should apply. In *Estate of Barton*, 52 Cal. 538, a case which in its facts is an exact photograph of the case at bar, the position here taken by the public administrator was held unsound, the court there holding that a person dying, leaving a will wherein no executor was named, does not die intestate. It is claimed by appellant that since the decision of the Barton case section 1350 of the Code of Civil Procedure has been amended, so as to give the public administrator the right to administer upon this class of estates. That section

declares who is competent to serve as executor, and the amendment upon which reliance is placed by the public administrator reads: "If the sole executor or all the executors are incompetent, or renounce, or fail to apply for letters, or appear and qualify, letters of administration with the will annexed must be issued as designated and provided for the grant of letters in cases of intestacy." It is plain that this amendment to the section does not meet the exigencies of appellant's case. It only refers to cases where an executor has been named in the will. It would be judicial legislation to hold it applicable to cases where no executor is there named.

For the foregoing reasons the order appealed from is affirmed.

Van Fleet, J., and Harrison, J., concurred.