[L. A. No. 4064. In Bank.—March 18, 1918.]

## OLIVER P. FRINIER, Respondent, v. C. J. KUBACH COMPANY (a Corporation), Appellant.

EMPLOYER AND EMPLOYEE—NEGLIGENCE—INJURY TO EMPLOYEE—BUILDING UNDER CONSTRUCTION—SAFE PLACE TO WORK—MAINTAINING TEMPORARY FLOORS — PLEADING — SUFFICIENCY OF COMPLAINT.—A complaint in an action by an employee against his employer for damages for injuries sustained by the employee while working on a building which was in course of construction, through an imperfect plank on the third floor breaking under his weight and precipitating him to the floor below, which alleges that the accident was caused by the defendant's gross negligence in failing to provide a safe place to work, sufficiently draws the attention of the defendant to the question of the sufficiency of the floor under the Statutes of 1911, page 1112, requiring the maintenance of temporary floors in buildings more than two stories high, while in course of construction.

ID.—EVIDENCE—INSTRUCTIONS—STATUTE REQUIRING TEMPORARY FLOORS. In such case, under the statute (Stats. 1911, p. 1112), requiring that, "Any building more than two stories high in the course of construction shall have the joists, beams, or girders of each and every floor below the floor or level where any work is being done, or about to be done, covered with flooring laid close together, or with such other suitable material to protect workmen engaged in such building from falling through joists or girders," and that "such

flooring shall not be removed until the same is replaced by the permanent flooring in such building," where unrebutted evidence showed that the plank that' broke was ten inches in width, that there was an interval of ten or more inches between planks, that when this plank broke there was a space of about two and one-half or three feet through which the plaintiff fell, and that work was being done on the floor above the one on which the plaintiff was working, it was the duty of the trial court under the issues and under this proof to instruct the jury as to the terms and effect of the statute in question.

ID.—CONTRIBUTORY NEGLIGENCE—ROSEBERRY ACT—INSTRUCTIONS PROPERLY REFUSED.—In such case, in view of the Roseberry Act (Stats. 1911, p. 796), providing that "it shall be conclusively presumed that such employee was not guilty of contributory negligence in any case where the violation of any statute enacted for the safety of employees contributed to such employee's injury," all instructions based upon the theory that contributory negligence was a complete defense were properly refused.

ID.—ADMISSION OF EVIDENCE—HARMLESS ERROR.—Admission of the statement by a witness of his opinion that the floor on which the witness was working was not strong enough for the piling of a weight upon it of one thousand two hundred or one thousand four hundred pounds could not have prejudiced the defendant in view of the uncontested fact that the floor was sagging and that it was for this reason the plaintiff was directed to remove the lumber piled on it, and that was the work he was engaged in at the time of the accident.

STATUTES—MAINTENANCE OF FLOORS WHILE CONSTRUCTING BUILDING—CONSTRUCTION.—The statute requiring the maintenance of floors in buildings over two stories high while in course of construction clearly contemplates that when, in the course of construction, a floor level has been reached and joists and beams have been laid, upon which a floor is to be laid, they shall be "covered with flooring laid close together" before a continuance of work above the level of such floor, to protect all workmen engaged in the building.

ID.—STATUTORY CONSTRUCTION—PLAIN AND UNAMBIGUOUS LANGUAGE TO BE FOLLOWED.—Where the intent of a statute is given expression in plain and unambiguous language, courts cannot add to or subtract from it, unless in order to obviate impracticable or absurd results.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Haas & Dunnigan, for Appellant.

Leo V. Youngworth, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Appellant, claiming that in the opinion of the Department filed herein the court had erroneously held the statute found at page 1112 of the Statutes of 1911 applicable to the facts of the case, and that by reason thereof the court properly instructed the jury, as provided in the Roseberry Act, that if they found that defendant's violation of said act of 1911 contributed to plaintiff's injury, his contributory negligence was not a ground of defense, filed its petition for a hearing in Bank. The application was granted and upon further consideration given the claim of appellant we are satisfied with the decision made in Department.

The opinion follows:

"This is an action brought by an employee to recover for injuries received September 30, 1913, in the course of his employment, by falling through the third floor and on to the second floor of a building under construction by his employer. It is required by statute (Stats. 1911, p. 1112) that 'Any building more than two stories high in the course of construction shall have the joists, beams or girders of each and every floor below the floor or level where any work is being done, or about to be done, covered by flooring laid close together, or with other suitable material to protect workmen engaged in such building from falling through joists or girders,' etc. 'Such flooring shall not be removed until the same is replaced by the permanent flooring in such building.' This requires all floors below any floor under construction to be so covered. The main question in the case is whether or not the pleadings raised issues which justified the court in instructing the jury as to the duty of the employer under said law. The plaintiff's complaint alleges that he stepped upon a defective plank which broke, and that he was thereby precipitated from the third to the second floor of the building. It will be observed that while the complaint specifically points out the breaking of a defective plank, it also alleges a falling through a floor and on to a lower floor. Plaintiff alleges that he was engaged in removing beams and other lumber from a landing on the third

floor of said building; that in so doing he was obliged to step upon the plank on said floor provided for the purpose, extending from girder to girder; that said plank was weak and defective, was knotty, cross-grained, and imperfect; that when plaintiff stepped upon the plank it suddenly broke 'and he was precipitated a distance or fifteen feet to the floor below'; 'that the accident was caused by the gross negligence of the defendant in failing to provide a safe place to work and failing to provide safe appliances.' In its answer the defendant admits the breaking of the plank and the fall of the plaintiff as aforesaid, but alleges that plaintiff either knew or should have known of said defects, if any, and should have known of the insufficiency of the plank to sustain the load placed upon it. It denies that the accident was caused by a failure to provide plaintiff a safe place to work. The complaint nowhere alleges that work was being done on the floor above the floor in question, and, therefore, defendant claims that it was not sufficiently advised by the allegations of the complaint that plaintiff would rely upon a violation of said statute; but the real issue in the case was as to the sufficiency of the floor upon which the plaintiff was working at the time he fell. The attention of the defendant was sufficiently drawn by the pleading to that fact. If that question, under the law, depended upon whether or not the floor above was one 'where work is being done or about to be done,' that was a matter of evidence to be submitted to the jury with all other evidence concerning the sufficiency of the floor to support the plaintiff. The evidence shows that the plank that broke was ten inches in width; that there was an interval of ten or more inches between the planks; that when this plank broke there was a space of about two feet and a half or three feet, through which the plaintiff fell; and that work was being done on the floor above the one on which plaintiff was working. Defendant's counsel stated on the trial that he would not rebut the above evidence as to the character of the construction of the platform. Under the issues and upon this proof it was the duty of the court to instruct the jury as to the terms and effect of the statute in question. Certain of defendant's instructions were refused, but each of them was based upon the theory that contributory negligence was a complete defense. But the Roseberry Act provides that 'it shall be

conclusively presumed that such employee was not guilty of contributory negligence in any case where the violation of any statute enacted for the safety of employees contributed to such employee's injury' (Stats. 1911, p. 796), and, therefore, defendant's instructions were properly refused. For the same reason the modification of defendant's instructions, complained of, on the subject of contributory negligence and assumption of risk, was proper. (Stats. 1911, pp. 796, 1112.)

"The only other error complained of is that of permitting a witness to state his opinion that the platform on which plaintiff was working was not strong enough to pile a weight of twelve or fourteen hundred pounds upon it. This evidence bore upon the sagging of the floor on which the lumber removed by plaintiff was piled. The evidence could not have prejudiced the defendant, in view of the uncontested fact that the floor was sagging, and that it was for this reason that plaintiff was directed to remove such lumber."

In its petition for rehearing appellant insists that since the violation of the act (Stats. 1911, p. 1112) was not alleged, all testimony tending to establish such fact should have been excluded, and further, that notwithstanding the act required that the "joists, beams or girders of each and every floor below the floor or level where any work is being done" shall be "covered with flooring laid close together . . . to protect workmen engaged in such building from falling through joists or girders," it should, where one falls through such joists as in the instant case, be construed as having reference to the floor next below. As to the first proposition, the cause of action is based upon the specific act of negligence alleged in the complaint, and which, notwithstanding the violation of the statute, it was necessary to prove as a contributing cause of the injury. The action was not based upon defendant's failure to comply with the statute, but defendant's act in supplying this defective plank upon which plaintiff was required to walk. Defendant's failure to comply with the statute is important only in that by reason of such fact it, in the opinion of the jury, contributed proximately to plaintiff's injury, and, hence, as provided in the Roseberry Act, deprived defendant of the right which, but for such violation, it had to urge contributory negligence on the part of plaintiff as a defense to the action.

As to the second proposition, the purpose of the statute was clearly to prevent just such injuries as that sustained by plaintiff, and which, presumably, had the planks been laid close together as required by the statute, would not have occurred even though this plank ten inches in width had broken. The act clearly contemplates that when in the construction of a building a floor level has been reached and the joists and beams installed upon which a floor is to be laid, they shall be "covered with flooring laid close together," before a continuance of work *above the level of such floor,* to protect all workmen engaged in the building. "When intent is given expression in plain and unambiguous language, courts cannot add to or subtract from the act unless to do so in order to obviate impracticable or absurd results." (*Estate of McDonald,* 118 Cal. 277, [50 Pac. 399].) It would be absurd to hold that the law had reference to the floor, not upon which the employee was at work and through which he fell, but to that next below, thus permitting him to fall the distance of one story. Hence, in this action to recover damages due to the negligence of the employer where the failure to comply with the provision contributed proximately to the injury, no defense could be based upon the employee's contributory negligence, for the reason that under the Employers' Liability Act, as then existing, such negligence afforded the employer no defense. (*Crabbe* v. *Mammoth Channel G. Min. Co.,* 168 Cal. 504, [143 Pac. 714].)

The judgment is affirmed.

Wilbur, J., Melvin, J., and Angellotti, C. J., concurred.