[Sac. No. 1414. Department Two.—February 5, 1906.]

In the Matter of the Estate of CHARLES A. WIKMAN Deceased. MARY HEENEY, Appellant, v. SOLOMON PETTIT, Public Administrator, Respondent.

WILL — CANCELLATION OF APPOINTMENT OF EXECUTRIX — INK LINES — SUPPORT OF FINDING—EVIDENCE—PRESUMPTIONS.—A finding that the cancellation of the appointment of an executrix in the will of the testator was done by him with the intent and purpose of revoking such appointment, is sustained where it appears that the will was in the possession of the testator from the time of its execution until his death, and that immediately after his death it was found in his trunk, and that, when so found, ink lines were drawn over and through the part of the will naming the appellant as executrix, though such name was not entirely obliterated. From these circumstances presumptions arise that the cancellation was made by the testator, and was performed with the intent to revoke such appointment, if not rebutted by proof to the contrary.

ID.—FINDING NOT ASSAILED—POSSESSION OF CANCELED WILL BY TESTATOR.—A finding that immediately after the death of the testator

the said will was found in his possession, and that when so found the name and address of the executrix were found canceled and obliterated, which is not assailed by any specification of insufficiency of the evidence, must be taken as true.

APPEAL from an order of the Superior Court of Butte County denying the petition of appellant for appointment as executrix and from an order denying a new trial. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Robert P. Troy, and Jo D. Sproul, for Appellant.

Lon Bond, for Respondent.

McFARLAND, J.—The above-named Charles A. Wikman, deceased, was in his lifetime a resident of Butte County, California, and died there on or about the first day of November, 1904, leaving a will which had been duly executed on the twentieth day of May, 1904. On November 29, 1904, Solomon Pettit, who was public administrator of Butte County, filed a petition for the probate of the will and for letters testamentary with the will annexed; and a few days later Mary Heeney filed a petition praying that letters testamentary in the estate be granted to her. The petition of the public administrator is based on the claim that there is no executor or executrix named in the will; and the petition of Mary Heeney is based on the claim that she is by the will appointed executrix. Both petitions were heard together, and the court decided in favor of Pettit, and ordered that letters issue to him as prayed for. Mary Heeney moved for a new trial, and her motion having been denied, she appeals from the order denying it. She also appealed from the order granting letters to Pettit, but that appeal was heretofore dismissed.

The undisputed facts are these: When the will was executed it contained an appointment of appellant as executrix,—the words used being. "I hereby nominate and appoint Mary Heeney, of Thermalito, Butte County, California, executrix of this my last will and testament." When the will was produced in court there were black ink-lines through and over the words "Mary Heeney of Thermalito." By these lines the said words were nearly, although not entirely, obliterated,

but they were beyond doubt sufficient as a physical fact to constitute a cancellation of the words over which they appear if they were put there by the testator or at his direction for the purpose of cancellation. And by section 1292 of the Civil Code wills may be revoked in whole or in part: "2. By being burnt, torn, canceled, obliterated, or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by some person in his presence and by his direction." The court made findings, and those which are included under No. 3 are as follows: "That from the time of the execution of the said will until his death as aforesaid, testator had and kept said will in his possession and under his control; and immediately after his death, the said will was found in his possession; that when so found, the words 'Mary Heeney of Thermalito,' in said will, were found canceled and obliterated." And under No. 4 the court found as follows: "That said cancellation and obliteration was done by testator, after the execution of said will, and was done by him with the intent and for the purpose of revoking the portion of said will appointing Mary Heeney executrix of the said will; and that said testator did thereby revoke the appointment of said Mary Heeney as executrix of said will." And appellant contends that the evidence was insufficient to justify any of said findings. Her counsel argue here in their brief that there is no evidence to support the latter part of finding 3 that when the will was found immediately after the death of the testator the canceling lines above described were then on the will; and there really is no evidence in the record sustaining that finding. But there is no specification of the insufficiency of the evidence to sustain that finding, and no attempt at such specification. The statement on motion for a new trial does not contain much evidence, and ends with the declaration that "the foregoing was a portion of the testimony." It is not necessary to consider to what extent, if any, such a declaration relieves the respondent from seeing that more evidence is put into the statement, for he is certainly in no worse condition in that regard than he would be if there were no such declaration; and in the latter case respondent is only called upon to say that such evidence goes into the statement as is necessary to support findings which are attacked in the specifications as unsupported by the evidence. Now, as to

finding 3, the specification is as follows: "That the evidence was insufficient to justify finding 3 in this: There was no evidence showing or tending to show that from the time of the execution of the said will until his death, testator had and kept said will in his possession and under his control, and to the contrary, the only evidence as to that fact was that of Mary Heeney to the effect that decedent did not in August, 1904, have either the possession or control of the will." This specification makes no attack at all upon the finding in No. 3 that immediately after the death of the testator the will was found in his possession and that then the cancellation appeared; and respondent was not called upon to put into the statement any evidence on that point and the finding must be taken as true. As to the finding that from the time of the execution of the will until the death of the testator the latter had possession and control of the will, it was sufficiently supported by the evidence. It appears from the evidence that at the time of the execution of the will the testator took it away with him, and that immediately after his death it was found in his trunk among his other effects; and these facts, in the absence of any showing to the contrary, are sufficient to justify the finding. It is true that the appellant testified that several times testator showed her the will and offered to let her keep it, and that she had it in her hands; but that testimony is not, if taken as true by the trial court, inconsistent with the fact of the testator's possession. The will was not shown to have been in the possession of any other person; and it is certainly not claimed that the appellant, while momentarily having it in her hands, erased her own name as executrix.

The only remaining question is whether the evidence sustains the finding, under No. 4, that the cancellation was done by the testator with the intent and purpose of revoking that part of the will by which appellant was appointed executrix. This is a finding of fact, and must be sustained if there is any reasonable amount of evidence supporting it. It appears in this case, as before stated, that the will was in the possession of the testator from the time of its execution until his death; that immediately after his death it was found among his effects in his trunk; and that when so found the ink-lines were over and through the words as above described. These circumstances were sufficient to warrant the court in making the

finding, and it was substantially so held by this court in _Estate of Olmsted,_ 122 Cal. 224, [54 Pac. 745] ; for although in that case there were circumstances tending to sustain the cancellation in addition to the facts that the will had been constantly in the possession of the testator, and that the cancellations were found on it immediately after his death, still the court, after reciting these facts of possession by the testator, and the cancellation before his death, said: ''From these circumstances alone arise the presumptions: (1) That the cancellations were the act of the testator; and (2) that they were performed with the intent and purpose of revoking the instrument.'' The general authorities are to the same effect. In Kent's Commentaries (vol. 4, p. 532) it is said: ''If, however, the will be found canceled, the law infers an intentional revocation, for it is prima facie evidence of it, and the inference stands good until it be rebutted.'' In _In re White's Will,_ 25 N. J. Eq. 501, where the will had been in the possession of the testatrix during her lifetime and was found among her effects, the court says: ''And from the fact that the will was found in the possession of the testatrix, in her repository, thus canceled, a presumption arises that the cancellation was her act, done _animo cancellandi._'' There are numerous other authorities to the same effect, and we have not been referred to any holding differently.

The order appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.