[Civ. No. S. C. 55. Second Appellate District, Division One.—July 23, 1937.]

In the Matter of the Estate of JOHN ANDREW PARDUE, Deceased. NAOMI TOWNER, Respondent, v. MARSHALL STIMSON, Appellant.

Noel Edwards for Appellant.

Percy M. Bokofsky, David I. Lippert, Thomas Reynolds, E. A. Kline and Leon K. Jonas, as *Amici Curiae* on Behalf of Appellant.

Earl D. Killion for Respondent.

DORAN, J.—John Andrew Pardue died testate in the state of California, leaving an estate of real and personal property. In his will he nominated Security-First National Bank of Los Angeles to act as executor. Security-First National Bank of Los Angeles was a creditor of the decedent and for that reason refused to act. Naomi Towner, a legatee and devisee under the will, filed a petition for probate of the will and requested that letters of administration be issued to her. Carrie Phillips, a sister of decedent, and a devisee under the will, residing in the state of North Carolina, assigned an undivided one-eighth interest of her interest in the estate of decedent to Marshall Stimson and also nominated Marshall Stimson to act as administrator of the estate of decedent. Marshall Stimson also filed a petition to probate the will and for issuance of letters to himself. The two petitions came on regularly for hearing before the court. Both petitions prayed that the will be probated. The only issues raised were the rights of the respective applicants to have letters of administration issued.

The court found, in part, that Naomi Towner and Marshall Stimson were each interested in the estate of decedent, Naomi Towner as a devisee and Marshall Stimson as an assignee of a devisee, and as such each was equally entitled to letters of administration; and that Carrie Phillips was not a resident of the state of California. From such findings the court concluded that Carrie Phillips, as a nonresident, was not entitled to nominate an administrator of the estate of decedent, and that Naomi Towner, as a creditor of the estate, was entitled to priority of appointment over Marshall Stimson, as one interested in the estate. The judgment was entered accordingly.

The appeal herein raises but one issue, namely, that the "court erred", as contended by appellant, "in denying to Marshall Stimson the priority right of appointment resulting from his nomination by Carrie Phillips, a nonresident sister, and a devisee under the will".

The determination of the question depends upon the interpretation of sections 420, 422 and 423 of the Probate Code, and in this connection appellant contends that, "To read into these sections as amended, that nonresidence disqualifies an heir to nominate, can be done in no other way than by judicial legislation for if the legislature intended to deny a nonresident the right to nominate, it could and should have said in section 423—'administration may be granted to one or more persons not otherwise entitled to the same, at the written request of the person entitled who is a resident of California filed in court', but such is not the case, for section 423 contains no such restriction." Respondent, on the other hand, replies that "it would have been a very easy matter for the Legislature to have provided that a nonresident person, such as a brother or sister, would have the right of nomination the same as the surviving spouse, if the Legislature had any such intention of doing so."

Section 422 of the Probate Code enumerates the persons entitled to letters of administration and lists them in a certain order of priority. It is also provided in said section that relatives of the decedent are entitled to priority only when they are entitled to succeed to the estate or some portion thereof. The order of priority is divided into ten classifications. Of the ten classes only one, namely, the surviving spouse, is given the power to designate the person to whom letters must be granted.

Section 420 of the Probate Code provides that no person is competent to serve as an administrator who is not a *bona fide* resident of the state, and section 423 of said code provides that administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person *entitled.*

It is evident that being a nonresident, and not being a surviving spouse, Carrie Phillips' request for the appointment of Marshall Stimson as administrator created no priority right and was not binding on the court.

If a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of

others, and if a statute specifies one exception to a general rule, other exceptions or effects are excluded; in other words, as has been frequently held, a general provision of a statute is controlled by a specific and express exception. It is an elementary rule of construction that the expression of one excludes the other. And it is equally well settled that the court is without power to supply an omission. (See 23 Cal. Jur., sec. 118, p. 740 et seq.)

For the foregoing reasons, the judgment appealed from is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 20, 1937.