WASTE, C. J.
 

 The decedent, John D. Martens, executed a last will and testament dated October 17, 1929, by which he devised and bequeathed his entire estate to his son and daughter in equal parts. Paragraph 5 of the will, relating to the appointment of an executor, read: “Fifth: I hereby appoint and nominate Sylvester Rocco of San Pedro, California, as Executor of this my Last Will and Testament, and in the event he cannot or does not act as such executor, then and in that event, I nominate Henry E. Sherer of San Pedro, California, as executor in his place and stead. ’ ’
 

 The will was placed in the custody of a bank in San Pedro, with which institution Rocco and Sherer were associated, and there remained until some time in March, 1933, when the testator secured it. It thereafter remained in his possession. The evidence, beyond dispute, shows that on May 10, 1933, Martens, in the presence of his daughter, Pearl E. Train, and her husband and son, requested the husband to draw a line by means of a typewriter through the words in Paragraph Fifth “Sylvester Rocco of San Pedro” and “in the event he cannot or does not act as such executor, then and in that event, I nominate Henry E. Sherer of San Pedro, California, as executor in his place and stead”. After some general conversation at this time as to who should be named
 
 *397
 
 as executor, Martens requested that the names “Pearl E. Train and Arthur R Martens”, his daughter and son, respectively, be inserted in paragraph 5. The testator then directed the husband of Mrs. Train to write at the bottom of the will the following: “Article No. 5 above was changed by myself on this ten day of May, 1933.” Martens then signed his name to the memorandum written by Train, and Train witnessed his signature.
 

 On Martens’ death, the daughter and son filed their petition for probate of the will and for their appointment as executors thereof. Henry E. Sherer also filed a petition for probate, asking that letters testamentary be issued to him, setting forth in his petition that Sylvester Rocco had declined to act as executor and had filed his waiver to that effect. Pearl E. Train and Arthur R. Martens thereupon filed their written opposition and contest to Sherer’s petition for probate, and by separate petition sought appointment as administrators with the will annexed. After due hearing the trial court admitted the will to probate and granted letters testamentary to Henry E. Sherer. Pearl E. Train, the decedent’s daughter, alone appeals.
 

 Paragraph 2 of section 74 of the Probate Code provides that a written will, or any part thereof, can be revoked by being burnt, torn, canceled, defaced, obliterated, or destroyed, with the intent and for the purpose of revolting the same, by the testator himself, or by some person in his presence and by his direction. We are of the view that the action of the testator and what was done when he directed the witness Train to draw a line, using a typewriter, through the words indicated in the foregoing recital, effected a sufficient revocation of the provisions of the "will relating to the appointment of the executor originally named in the will. As in
 
 Estate of Wikman,
 
 148 Cal. 642, 645 [84 Pac. 212], the only question is whether the evidence sustains the conclusion that the cancellation was done by the testator with the intent and purpose of revoking that part of the will by which Sherer was appointed executor.
 

 The facts of the Wikman case are closely parallel to the facts here. The testator had obtained possession of the will before executing the cancellation, and it remained in his possession until his death. The facts here are stronger than those held sufficient in
 
 Estate of Wikman, supra,
 
 for, in this
 
 *398
 
 case, the action of the testator was testified to by a number of witnesses who were present at the time the obliteration marks were made by the typewriter in the hands of witness Train. Furthermore, the memorandum written by Train at the bottom of the will and signed by the testator constituted competent evidence of the testator’s intent, although ineffective for the purpose of legally appointing the executrix and executor desired by the testator. From this evidence there arises the presumptions (1) “that the cancellation was the act of the testator; and (2) that it was performed with the intent and purpose of revoking” that portion of the will relating to the appointment of Boceo and Sherer.
 
 (Estate of Wikman, supra.) Estate of Olmsted,
 
 122 Cal. 224, 232 [54 Pac. 745], cited approvingly in the Wikman case, supports the contention of the appellant here. The acts here taken by the testator fall squarely within what was held sufficient in
 
 Estate of Streeton,
 
 183 Cal. 284 [191 Pac. 16], in which it was said (p. 291) that the slightest act with intent to revoke a will is sufficient for the purpose. It is the
 
 animus
 
 which must govern the extent and measure of operation to be attributed to the act. In the Wikman case,
 
 supra,
 
 when the will there in question was produced in court there were black ink lines through and over the words designating the executrix. “By these lines,” said the court (p. 643), “the said words were nearly, although not entirely, obliterated, but they were beyond doubt sufficient as a physical fact to constitute a cancellation of the words over which they appear if they were put there by the testator or at his direction for the purpose of cancellation.”
 

 In view of these authorities, we are of opinion that the trial court was correct in finding that the portion of the will relating to executors had been canceled with intent to revoke it and the balance of the will was entitled to probate. The insertion of the names of an executrix and executor in the will at the instance of the testator amounted merely to an empty and illegal appointment. It did not amount to the execution of a codicil. There was, therefore, a sufficient revocation of a portion of the will relating to an executor, but an illegal effort to nominate other persons. The authorities hold that such a revocation, under the circumstances here existing, is valid, even though the substituted persons named cannot act because of a defect in the execution of the change.
 
 *399
 

 (Watson
 
 v.
 
 Hinson,
 
 162 N. C. 72 [77 S. E. 1089, Ann. Cas. 1915A, 870].) It was there held that the erasure from a will of the name of a person therein designated as executor, and an insertion in place thereof of another name, had no effect on the instrument as a whole and the testator died testate without naming an executor. The insertion being inoperative because not properly made or witnessed, the office of executor was left vacant.
 

 Therefore, while the court was correct in its appraisal of the effect of the cancellation, it was in error in the appointment of Sherer as executor. Persons are entitled to appointment -as administrators with the will annexed in the same order of priority as in the appointment of administrators. (Prob. Code, sec. 409.) Under section 422 of the same code, the appellant Pearl E. Train, daughter of the testator, and Arthur R. Martens, his son, are entitled to be appointed administrators with the will annexed.
 

 The judgment of the trial court granting, letters testamentary to Henry E. Sherer is reversed. The" cause is remanded to the trial court with directions to cancel the order and in lieu and place thereof to enter its order appointing Pearl E. Train and Arthur R. Martens, daughter and son, respectively, of the testator, administrators with the will annexed of John D. Martens, deceased.
 

 Shenk, J., Edmonds, J., Langdon, J., and Seawell, J., concurred.
 

 Rehearing denied.