[Civ. No. 15555. Second Dist., Div. Two. Feb. 20, 1947.]

Estate of MARY E. COLLINS, Deceased. BEN H. BROWN, as Public Administrator, Petitioner and Respondent, v. NELLIE B. STEVENS et al., Appellants.

Marshall Stimson and Noel Edwards for Appellants.

J. H. O'Connor, Harold W. Kennedy, County Counsels, and J. P. Wright, Deputy County Counsel, for Petitioner and Respondent.

MOORE, P. J.—The question posed by this appeal is whether the resident assignee of a nonresident legatee under a domestic will is entitled to priority over the public administrator to be appointed as administrator with will annexed, even though such assignee would have inherited had there been no will.

Decedent was the widow of one Palmer Collins. The court found that her next of kin were her brother, Charles Carter of Iowa, and her nephew, Irwin Stevens of Long Beach, California; that petitioners are residents of California but that neither are they legatees nor do they succeed to any part of decedent's estate under the will; that Myra Barber, a nonresident beneficiary under the will and daughter of Palmer Collins, has assigned an undivided interest in her legacy to her nephew, Irwin Stevens, who in turn assigned an undivided interest of his share to his wife, Nellie, which entitles her to succeed to a part of decedent's estate, ''a portion of which was the community property of decedent and Palmer Collins.'' (*Estate of Watts*, 179 Cal. 20, 23 [175 P. 415].)

No contention for the right of Irwin Stevens to be appointed administrator with will annexed is advanced on this appeal. Happily so, for no basis for such appointment can be found in any of the statutes which prescribe the guiding

rules. Section 422, Probate Code,[1] excludes Irwin by reason of the fact that he does not come within the first six classes of potential appointees. While he is entitled to share in the estate only by virtue of the assignment he is not a legatee, nor is he next of kin.

However, appellants seriously urge that it was error to deny letters to Nellie Stevens. They contend that inasmuch as Nellie is not only assignee of a legatee of decedent but also would be entitled to take on distribution had Mrs. Collins died intestate, she is entitled to letters of administration in preference to the public official. In support of such contention they quote section 409, Probate Code, which reads: ''. . . Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators, except that, as to foreign wills, a person who is interested in the will has priority over one who is not.'' The next step in their argument is that Nellie, as a bona fide resident of California, a niece of Palmer Collins and therefore heir at law of decedent, is entitled to be appointed. They point to the language of section 422 which places the public administrator in the eighth class, next below ''the relatives of a previously deceased spouse, when such relatives are entitled to succeed to some portion of the estate.'' While Nellie's California residence might qualify her for the appointment as provided by section 420, she has not been nominated by any of the classes of persons designated by section 423[2] to entitle her to be named administratrix. Since she is not ''*entitled to succeed* to some portion of the estate'' as is

[1]Order of priority of right to letters. Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof: (1) The surviving spouse, or some competent person whom he or she may request to have appointed. (2) The children. (3) The grandchildren. (4) The parents. (5) The brothers and sisters. (6) The next of kin entitled to share in the estate. (7) The relatives of a previously deceased spouse, when entitled to succeed to some portion of the estate. (8) The public administrator. (9) The creditors. (10) Any person legally competent.

[2]Nomination. Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in court. If the person making the request is a child, parent, brother or sister of the decedent, the nominee shall have priority next after those in the class of the person making the request; otherwise the court, in its discretion, may appoint either such nominee or a person of a class subsequent in rank to that of the person making the request; but other persons of the class of the person making the request shall have priority over such nominee.

required of "relatives of a previously deceased spouse" (subd. 7, § 422; *Estate of Crites,* 155 Cal. 392, 293 [101 P. 316]), she qualifies under no section of the Probate Code. While in the event of Mrs. Collins' intestacy Nellie would have been entitled to a share of her estate by virtue of her relation to Palmer Collins and of the community character of the estate, still she would not be eligible to appointment as administratrix with will annexed because she was not related to decedent.

■ Under familiar rules of statutory construction the designation of the seven classes of persons who hold priority over the public administrator excludes all others. (*Estate of Pardue,* 22 Cal.App.2d 178, 180 [70 P.2d 678].)

The will of decedent is a domestic will. The order of preference therefore of those who may qualify as administrator with will annexed under section 409 must be determined by section 422. (*Estate of Martens,* 10 Cal.2d 395, 399 [74 P.2d 238].) Neither of the last two mentioned sections gives preference to the assignee of a nonresident legatee over any of the seven classes of potential appointees specified in section 422 ahead of the public administrator of a domestic will. It would be different had the will been executed in another state. In such event Nellie Stevens and her husband might have qualified under section 409 which authorizes the appointment as administrator of a foreign will a person who is interested therein in preference to one who has no interest. (*Estate of Engle,* 124 Cal. 292 [56 P. 1022].) But no advantage or priority exists by virtue of section 422 in favor of a California assignee of a foreign legatee under a domestic will who does not as an heir at law succeed to a share of the testator's estate. The right of succession is the controlling consideration (*Estate of Crites, supra*), and that right derives from the consanguineal relationship or its equivalent of the petitioner to the testator and not by virtue of an acquisition by assignment of an interest in a legacy. Since Nellie Stevens does not come within any of the first six classes of persons listed in section 422, although she is a niece of the predeceased spouse of decedent, she is a stranger and therefore not "entitled to *succeed* to some portion of the estate." (*Estate of Moran,* 176 Cal. 216 [168 P. 18].) Consequently she could qualify only as a creditor or as a person legally competent (see § 422, subds. 9 and 10) after the public administrator.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.