[Civ. No. 26172.   Second Dist., Div. One.   Aug. 13, 1962.]

Estate of EDWARD F. KING, Deceased. UNITED STATES NATIONAL BANK OF SAN DIEGO, as Administrator, etc., Petitioner and Respondent, v. BALDO V. KRISTO-VICH, as Public Administrator, Petitioner and Appellant.

Harold W. Kennedy, County Counsel, Henry W. Gardett and Jerome A. Johnson, Deputy County Counsel, for Petitioner and Appellant.

Garber & Garber and Wilbur D. Garber for Petitioner and Respondent.

FOURT, J.—This is an appeal by the public administrator "from so much of the Judgment . . . that appoints the United States National Bank of San Diego as administrator with will annexed of said estate, issues letters of administration with will annexed to the same and denies the petition of Baldo M. Kristovich, Public Administrator, for letters of administration with will annexed."

A brief résumé of the relevant facts is as follows: decedent Edward F. King died testate a resident of Los Angeles County, leaving an estate consisting of real and personal property. His will, which did not name an executor, devised and bequeathed the entire estate to his wife with the provision that if she should not survive him the estate would pass to his half-brother, Theodore Franklin King, a resident of Tennessee. Decedent's wife predeceased him. His nonresident half-brother (hereinafter referred to as "heir") is the sole beneficiary under the will.

On April 28, 1961, respondent filed its petition for probate of the will and for letters of administration with will annexed, *together with a nomination by the heir* asking that respondent be appointed as said administrator. This petition, accompanied by the nomination, was set for hearing on May 26, 1961, in the superior court.

On May 12, 1961, appellant filed a second petition for letters of administration with will annexed, asserting that *respondent was the nominee of a nonresident heir* at law and legatee and that consequently the appellant public administrator had a prior right to letters of administration with will annexed. This petition was likewise set for hearing on May 26, 1961.

The two petitions were heard together, at which time the trial court admitted the will to probate, denied the appellant's petition, and granted respondent's petition. The findings of fact and conclusions of law (i.e., order admitting will to probate and for letters of administration with will annexed) were filed June 2, 1961.

The issues in this case may be stated as follows: where the public administrator exercises his discretion and applies for letters of administration, is the trial court required to follow the order of priority of right to letters set forth in Probate Code section 422, and thereby appoint the public administrator instead of the nominee of a nonresident heir?

With an exception not here pertinent, nonresidents are ineligible for appointment as administrator or to nominate an administrator. (*Estate of Jacobs,* 100 Cal.App.2d 452, 453 [223 P.2d 898]; *Estate of Pardue,* 22 Cal.App.2d 178 [70 P.2d 678]; Prob. Code, § 420.) Respondent bank, as nominee of a nonresident heir, comes within the tenth class set forth in Probate Code section 422 (i.e., "Any person legally competent."). On the other hand, appellant comes within the eighth class.

The mandate of Probate Code section 422 is clear. It provides in pertinent part as follows:

"Administration of the estate . . . *must be granted* to one or more of the following persons, *who are entitled to letters in the following order.* . . . (8) The public administrator. . . . (10) Any person legally competent." (Emphasis added.)

The substance of respondent's contention is stated in its brief as follows:

". . . the Public Administrator in his application for Letters is not always in the same position. When he appears and makes application because he *must* do so, then he is entitled to priority of position as set forth in *Section 422 Prob. C.* When he *may* make application, he applies or not in his discretion, and then his judgment may be overruled by the discretion vested in the Court. In the case of this application, he does not occupy the priority of right that he occupies when he *must* make application." (Italics shown.)

The contention cannot be sustained. It finds no support in the Probate Code or the cases. What was stated in *Estate of Selb,* 93 Cal.App.2d 788 [210 P.2d 45] by way of dictum is contrary to respondent's position. In the *Selb* case two people who came within class 10 were seeking letters of administration. The public administrator did not seek letters. The court said at page 791:

". . . [I]t appears that the public administrator was entitled to priority under section 422; but since he did not apply, the question remains, which of two persons applying is entitled to letters when neither has priority?" (See *Estate of Collins,* 78 Cal.App.2d 194, 196-197 [177 P.2d 618].)

That portion of the order which appoints the United States National Bank of San Diego as administrator with will annexed and issues letters thereto is reversed. The trial court is directed to grant the petition of appellant public administrator.

Wood, P. J., and Lillie, J., concurred.