96 Cal.App.3d 867 (1979)
158 Cal. Rptr. 263
Estate of DOROTHY V. CUMMING, Deceased.
GODFREY ISAAC, as Administrator, etc., Petitioner and Respondent,
v.
COLIN B. CAMPBELL, as Executor, etc., et al., Contestants and Appellants;
GLADYS CUMMING NOLL, Claimant and Respondent.
Docket No. 54770.
Court of Appeals of California, Second District, Division Four.
September 13, 1979.
*869 COUNSEL
Hartman, Hosp, Richard & Schlegel, Daniel W. Gage, Monte D. Richard and Stanford E. Reichert for Contestants and Appellants.
No appearance for Petitioner and Respondent.
Sheppard, Mullin, Richter & Hampton and Terence M. Murphy for Claimant and Respondent.
OPINION
FILES, P.J.
This appeal involves the probate of a formal will which the testatrix attempted to alter by pen and ink strikeouts and interlineations.
Dorothy V. Cumming (hereinafter the decedent) died April 22, 1975, survived by a sister Gladys Cumming Noll and a brother Ulmont Cumming. The latter died prior to the probate of Dorothy's will, and is represented in this proceeding by his executors.
The decedent left a typewritten witnessed will on the stationery of an attorney with a Portsmouth, Virginia, address, executed April 6, 1933. Mrs. Noll, as a beneficiary named in that will, petitioned for probate. The typewritten document, as offered for probate, had been mutilated by pen and ink lines drawn through portions of the text, and handwritten interlineations. Ulmont's executors contested upon the ground that the mutilations and interlineations had the effect of cancelling the bequests, creating an intestacy. After a trial, the probate court made findings of fact and conclusions of law, and a judgment overruling the contest, and *870 admitting the April 6, 1933, document with modifications. The probate court's findings of fact and conclusions of law declared that this will "devises all of the decedent's real and personal property to Gladys Cumming Noll."
Ulmont's executors have appealed from that judgment. The issues they raise relate exclusively to the interpretation of the will.
The appeal comes here on a clerk's transcript only. The record does not show what evidence was received other than the affidavits of the two persons who signed the typewritten will as witnesses, and who declared that the will, as executed, was entirely typewritten and did not contain any lineouts or handwritten interlineations.
The dispositive language of the typewritten will is as follows:
"Second: I give, devise and bequeath all my estate, real and personal, to my mother, Lelia Cumming, including my LaSalle 1932 Model Automobile; one diamond ring (one carat) with thirty-six small diamonds; one diamond ring with two saphires [sic] and four small diamonds; one diamond cluster ring, containing nine small diamonds.
"Third: If my mother should die first all my personal effects and moneys including the above named articles, I devise and bequeath to my sister, Gladys Cumming Noll."
The subsequent alterations in paragraph second were as follows: The words "to my mother Lelia Cumming" were lined out and the words "sister Gladys Cumming Noll" were written above.
"La Salle 1932 Model Automobile" was lined out and "Chevrolet 41" was written in.
The references to the second and third diamond rings were lined out and "One star sapphire diamond platinum cross & chain" was written in.
In paragraph third the words "If my mother should die first all my" were lined out.
The probate court's finding number 18 declared that the dispositive portions of the decedent's will were as follows: "Second: I give, devise and bequeath all my estate, real and personal, ...; one diamond ring *871 (one carat) with thirty-six small diamonds; ... [¶] Third: ... personal effects and moneys including the above named articles, I devise and bequeath to my sister, Gladys Cumming Noll."
Finding 19 declared that this will devised all of the decedent's real and personal property to Gladys Cumming Noll.
Findings 16, 17 and 22 reflect the probate court's view that by her typewritten will and by her subsequent alterations the decedent intended to dispose of her entire estate.
The probate court's conclusions of law included the following:
"4. The handwritten line-outs appearing on the face of the Will constitute a valid revocation only of the words lined out.
"5. The handwritten interlineations appearing on the face of the Will were not duly executed and witnessed in accordance with the laws of the State of California. Thus, said handwritten interlineations are not effective as a codicil to the Will of the deceased and are not admitted to probate as a part of said Will.
"6. The provisions of the Will of the deceased admitted to probate (see Finding of Fact No. 19) give all of the deceased's real and personal property to her living sister, Gladys Cumming Noll.
"7. The Will as partially revoked is admitted to probate as set forth in Finding of Fact No. 18."
Our decision is controlled by two basic principles in the law of wills.
(1) First, a testator may revoke a portion of a will by obliterating it with the intent to revoke; and second, an undated and unsigned interlineation is not effective as a new or different bequest because it does not meet the legal requirements for a codicil. (See Prob. Code, § 74; Estate of Martens (1937) 10 Cal.2d 395, 397 [74 P.2d 238]; Estate of Uhl (1969) 1 Cal. App.3d 138, 141 [81 Cal. Rptr. 436].)
The probate court appears to have recognized these principles, as they are reflected in paragraphs 4 and 5 of its conclusions of law.
Applying these principles to the present case gives these results:
*872 (1) The 1933 will should be admitted to probate except for the bequest to the decedent's mother Lelia Cumming, which the decedent intentionally obliterated with the intent to revoke.
(2) Paragraph third of the 1933 will contains a bequest to Mrs. Noll contingent on the prior death of the mother. The mother did predecease the testatrix, and therefore the bequest to Mrs. Noll is operative.
(3) Inasmuch as the decedent could not create a new bequest by interlineation or other unwitnessed and unsigned writing, the bequest to Mrs. Noll must be whatever the 1933 typewritten will provided, disregarding the legally ineffective alterations.
(2) But the probate court was led into error by the concept of a "composite will" argued by counsel for Mrs. Noll. That approach invited the probate court to delete the words which the testatrix had lined out, and then read the remaining words in paragraphs second and third as a single sentence. The result is a combination of language susceptible to an interpretation quite different from the interpretation which might be given to the dispositive language of the original will. The vice of this technique is that it creates a new dispositive sentence by the functional equivalent of cut and paste. The same policy which rejects an undated, unsigned and unwitnessed interlineation must also reject any attempt to create new dispositive language by any process of editing the existing language.
There is no reason to question the correctness of the trial court's finding that, by her pen-and-ink alterations, the decedent intended to leave her entire estate to Mrs. Noll. The first interlineation in paragraph second expresses that clearly enough. (3) But intent to make a new testamentary disposition is not enough unless expressed in a form which meets the statutory standards of a will or codicil. What Mrs. Noll is entitled to receive from the estate of Dorothy V. Cumming will be determined by an interpretation of the typewritten language which made her an alternate beneficiary. Whether the markings which the decedent made after the execution of the typewritten will have any bearing upon the interpretation of that will is a matter for the probate court to consider when the issue is properly before it.
(4) Ordinarily a dispute over the interpretation of a will is resolved in a proceeding under Probate Code section 1080 or a petition for distribution. On a petition to probate a will, the court determines only *873 what documents or parts of documents constitute the will, and the power to construe will be exercised only insofar as it is necessary to the determination of that issue. (See Estate of Salmonski (1951) 38 Cal.2d 199, 207 [238 P.2d 966]; Estate of Plaut (1945) 27 Cal.2d 424, 427 [164 P.2d 765, 162 A.L.R. 837].) Accordingly, we express no opinion as to how the surviving portion of the 1933 will should be interpreted.
The decision and the judgment of the probate court are modified in the following respects:
(a) Finding number 18 is modified to read as follows: "18. The typewritten document dated April 6, 1933, is the last will and testament of the deceased except the bequest in paragraph second to Lelia Cumming, which bequest has been revoked by the testatrix."
(b) Findings of fact numbered 16, 17, 19, 22 and conclusions of law numbered 3 and 6 are deleted.
(c) In the judgment, paragraphs 2 and 3 are modified to read as follows: "2. The typewritten document dated April 6, 1933, excepting the bequest in paragraph second to Lelia Cumming, is admitted to probate as the last will of the deceased. 3. The handwritten interlineations appearing on the typewritten document are not admitted to probate."
As so modified, the decision and judgment of the probate court are affirmed. Appellant shall recover costs on appeal from respondent Gladys Cumming Noll.
Kingsley, J., and Alarcon, J., concurred.