[No. A052995. First Dist., Div. Five. Nov. 22, 1991.]

Estate of OTTO DAMSKOG, Deceased.
RICARDO HERNANDEZ, as Public Administrator, etc., Plaintiff and
Appellant, v.
GENE MARCHI, as Administrator, etc., Defendant and Respondent.

**COUNSEL**

Lou Aronian and Steven A. Weinkauf for Plaintiff and Appellant.

Kato & Feder and Brent R. Kato for Defendant and Respondent.

**OPINION**

**KING, J.**—In this case we hold that Probate Code sections 8465, subdivision (a) and 8402, subdivision (a)(4), preclude a decedent's nonresident heirs from nominating the administrator of his estate.

San Francisco Public Administrator Ricardo Hernandez appeals from a probate order naming Gene Marchi administrator of the estate of Otto Damskog.

Damskog died intestate on August 9, 1990, leaving as heirs two sisters and the children of a deceased sister, all residing in Norway. On September 12, Marchi, who had been acting for Damskog under a durable power of attorney prior to his death, filed a petition for letters of administration and authorization to administer Damskog's estate. On October 26, Damskog's

surviving sisters nominated Marchi as administrator. On October 29, Hernandez filed a petition for letters of administration followed by points and authorities in opposition to Marchi's petition. Marchi responded with points and authorities in opposition to Hernandez's petition and in support of his own.

After a hearing on November 21, 1990, the trial court appointed Marchi as administrator of Damskog's estate.[1]

"The court may appoint as administrator a person nominated by a person otherwise entitled to appointment or by the guardian or conservator of the estate of a person otherwise entitled to appointment. The nomination shall be made in writing and filed with the court." (Prob. Code, § 8465, subd. (a).) "Notwithstanding any other provision of this chapter, a person is not competent to act as personal representative in any of the following circumstances: . . . [¶] (4) The person is not a resident of the United States." (Prob. Code, § 8402, subd. (a).)

▆▆ Hernandez maintains the plain language of these statutes deprives Damskog's sisters of the right to nominate the administrator of his estate, since they are not themselves—by dint of nonresidence in the United States—"otherwise entitled to appointment."[2] Marchi asserts the language of section 8465 is "less than clear" and bids us consider its legislative history. Such consideration leads us, reluctantly, to the same conclusion.

Probate Code section 8465 continues "without change" former Probate Code section 8465 which restated "without substantive change" provisions found in former Probate Code section 423. (20 Cal. Law Revision Com. Rep. (1990) pp. 1536-1537.) Probate Code section 8402 continues "without change" former Probate Code section 8402, subdivision (a)(4) of which restated "without substantive change" former Probate Code section 420. (20 Cal. Law Revision Com. Rep., *supra* at p. 1530.)

Probate Code section 423 originally provided, "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in court." (Stats. 1931, ch. 281, § 423, p. 608.) Probate Code section 420, enacted at the same time, provided, "No person is competent to serve as an administrator or administratrix who is not a bona fide resident of this state . . . ." (Stats. 1931, ch. 281, § 420, pp. 607-608.) Under these statutes, the court held in

---

[1]The trial court apparently issued two statements of decision slightly different in form but essentially similar in content. (Code Civ. Proc., § 632.)

[2]It is clear that if their right to nominate does exist, the sisters' nominee has priority over the public administrator. (Prob. Code, §§ 8461, subds. (f) & (p), 8462, subd. (a).)

*Estate of Pardue* (1937) 22 Cal.App.2d 178, 180 [70 P.2d 678], that decedent's sister residing in North Carolina could not nominate the administrator of his estate. (See also, *Estate of Pascoe* (1966) 242 Cal.App.2d 85, 87 [51 Cal.Rptr. 91] ["No person is competent to serve as an administrator who is not a resident of this state (Prob. Code, § 420), and it is well settled that a nominee of a nonresident heir has no better standing (citations)."].)

In 1967, Probate Code section 423 was amended to read, "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled or of a child, grandchild, parent, brother or sister of the decedent who would be entitled but for his nonresidence in California and who is a resident of the United States, filed in court." (Stats. 1967, ch. 269, § 1, p. 1427.) In other words, as of 1967, a nominator need not reside in California so long as she resided in one of the other United States. The administrator, however, still had to be a California resident under Probate Code section 420.

In 1976, Probate Code section 423 was again amended, this time to delete the requirement of United States residence. (Stats. 1976, ch. 475, § 1, p. 1220.) Thus, no residency requirement for nominators, California residency required for administrators. In 1976, Damskog's sisters would have been able to nominate Marchi to administer their deceased brother's estate.

In 1980, Probate Code section 420 was amended to read: "No person is competent to serve as an administrator or administratrix who is not a resident of the United States . . . ." (Stats. 1980, ch. 955, § 12, p. 3015.) At the same time, Probate Code section 423 was amended to read: "Administration may be granted to one or more competent persons at the written request of the person entitled, or of the guardian or conservator of the person entitled, filed in court." (Stats. 1980, ch. 955, § 13, p. 3015.) The net result of these amendments was to remove the California residency requirement entirely and to establish a United States residency requirement for both nominators and administrators.

These were the last amendments before Probate Code sections 420 and 423 became Probate Code sections 8402 and 8465.[3] The situation is now analogous to that which existed before 1967, except that United States rather than California residence is required of both nominators and administrators. Although there is no explicit residency requirement for the nominator in section 8465, she must herself be "entitled to appointment" and that entitlement depends on United States residence under section 8402. Had the Legislature wished to retain differing residency requirements for administra-

---

[3]Other amendments to sections 420 and 423 (Stats. 1943, ch. 941, § 1, p. 2813; Stats. 1975, ch. 718, § 5, p. 1709; Stats. 1979, ch. 731, § 8, p. 2557) are not relevant to the issue on appeal.

tors and nominators, it could easily have said so in the same "but for" language it used in 1967 about California residency.[4]

Marchi's arguments do not compel a different result. ■ The rule against repeal by implication (*Hays* v. *Wood* (1979) 25 Cal.3d 772, 784 [160 Cal.Rptr. 102, 603 P.2d 19]) is applicable where two different acts or statutes appear to conflict. Where, as here, a statute has been amended, "The portions which are not altered are to be considered as having been the law from the time when they were enacted; the new provisions are to be considered as having been enacted at the time of the amendment; and the omitted portions are to be considered as having been repealed at the time of the amendment." (Gov. Code, § 9605.) ■ Nor has Marchi shown that Hernandez's appointment necessarily conflicts with "the policy of the law placing administration in the hands of persons most likely to manage the estate property to the best advantage of those beneficially interested" (*Estate of Kaseroff* (1977) 19 Cal.3d 272, 276 [137 Cal.Rptr. 644, 562 P.2d 325], citations omitted).

Finally, Marchi questions the wisdom of a residency requirement for nominators. While it makes sense to require administrators to reside in the United States where the probate court can exercise personal jurisdiction over them, if need be, as they perform their duties, no such jurisdictional need justifies a residency requirement for nominators. This very persuasive argument is better addressed to the Legislature than to the courts.[5]

The matter is remanded with directions to vacate the order and issue an order naming Public Administrator Ricardo Hernandez as administrator of Otto Damskog's estate.

Low, P. J., and Haning, J., concurred.

---

[4]The legislative history does not reveal why the word "otherwise" was added when section 423 was recodified as section 8465, but neither party argues that it means "but for nonresidency in the United States," nor that it represents any other substantive change from the 1980 version of section 423.

[5]Several years ago in *Estate of Kausser*■ (Cal.App.) we held that United States residency was not required to nominate the administrator of a deceased's estate. Upon further reflection, we believe that the language and history of the relevant statutes do not warrant such an interpretaton and that the policy considerations which informed our earlier decision are best left to the Legislature.