[S. F. No. 5155.   Department Two.—March 25, 1909.]

## In the Matter of the Estate of WILLIAM CRITES, Deceased.

ESTATE OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—ORDER OF PREFERENCE—SUCCESSION TO PERSONAL ESTATE.—Under section 1365 of the Code of Civil Procedure, specifying the order of preference in granting letters of administration on the estate of a deceased person, relatives of the deceased are entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof. Such right of succession is a controlling limitation on the right of administration.

ID.—LETTERS WITH WILL ANNEXED—WIDOW NOT ENTITLED TO SUCCEED —PREFERENTIAL RIGHT OF CHILD WHO IS LEGATEE.—Under section 1350a of the Code of Civil Procedure, providing that letters of administration with the will annexed must be issued as designated and provided in granting letters in case of intestacy, the widow of a testator, whose will made no provision in her favor, and disposed of all his estate which it declared to be his separate property, is not entitled to letters of administration with the will annexed, in preference to a child of the testator who is a devisee and legatee under the will, unless she shows that, despite the language of the will, she would be entitled to succeed to some portion of the estate. The same rule applies to a nominee of such widow.

APPEAL from a decree of the Superior Court of Santa Clara County appointing an administrator with the will annexed of the estate of a deceased person. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

H. C. Jones, for Appellant.

C. D. Wright, and R. M. Wright, for Respondent.

HENSHAW, J.—William Crites died testate. His will declared all his property to be separate property. It made no provision for the widow, for the reason, as declared, that suitable provision had already been made for her. The principal devisees and legatees under his will were his three children by a former marriage. The will named executors. The executors named forfeited their rights to letters testamentary;

whereupon two petitions were filed for letters of administration will the will annexed; the one by Alice A. Kane, a child of the deceased, entitled to inherit and a beneficiary under the will; the other by a nominee of the widow, who took nothing under the will. The court granted letters to the nominee of the widow, and the question presented may thus be stated: Is a widow, who takes nothing under a will, entitled to letters of administration with the will annexed, in preference to a child of the testator, who is a devisee and legatee under the will?

Section 1350 of the Code of Civil Procedure (now under amendment of 1907, [Stats. 1907, p. 313], sec. 1350a), provides that if the executors named in a will fail to apply for letters testamentary, letters of administration with the will annexed must be issued as designated and provided in granting letters in case of intestacy. Section 1365 of the Code of Civil Procedure is controlling upon the court's action. It is the manifest intention of the legislature that section 1365 of the Code of Civil Procedure shall be determinative in a case arising under section 1350a of the Code of Civil Procedure. (*Estate of McDonald,* 118 Cal. 277, [50 Pac. 399].) Section 1365, in specifying the order of preference in granting letters, contains the important limiting clause that relatives of the deceased are entitled to administer only when they are entitled to succeed to the personal estate or some portion thereof. That this right of succession is a controlling consideration is well established. (*In re Carmody,* 88 Cal. 616, [26 Pac. 373]; *In re Davis,* 106 Cal. 453, [39 Pac. 756]; *In re Eggers,* 114 Cal. 464, [46 Pac. 380]; *In re Wakefield,* 136 Cal. 110, [68 Pac. 499]; *In re Edson,* 143 Cal. 607, [77 Pac. 451].) *In re Davis* was a case of intestacy. The surviving wife, by articles of separation, had relinquished all rights to her husband's property. It was there held that, thus not being entitled to succeed to any portion of his estate, neither she nor her nominee was entitled to letters of administration thereon. But furthermore, the underlying principle is in that case declared in the following language: "The principle involved in this provision of the statute, restricting the right of administration to those relatives entitled to take the personal estate, is not new. It is but the expression of the policy which will be found to control in the statutes of many, if not most, of the states upon

the subject, and is well recognized in England. It has its foundation in the consideration that administration should be committed to those who are the ultimate residuary beneficiaries of the estate—those to whom the property will go after administration."

Under the mandate of the law, the court in appointing under section 1350a is to follow the procedure laid down in section 1365. This does not mean alone that it shall follow the order there laid down, but it shall follow that order with observance of the qualifications there expressed, and the controlling qualification is that in the person appointed shall be a right of succession. Applying this principle to a will as it must be applied, since, if it be designed, as has been said, for the conservation of estates, it is as important in the case of testacy as intestacy, the rule would deny the right of letters of administration with the will annexed to one who, though an heir at law, did not take under the will. The widow, upon the showing here made was not entitled so to take, and, such being the case, neither she nor her nominee was entitled to letters of administration under the will. It is not meant by this to declare that, notwithstanding the terms of a will, a petitioner, such as a widow, would be forbidden to show that, despite its language, she was entitled to succeed; but in the absence of such showing, her rights are measured by the terms of the instrument under which she seeks to act, and by those terms in the case at bar she is denied the right of administration.

The decree appealed from is therefore reversed.

Lorigan, J., and Melvin, J., concurred.