[L. A. No. 3517. Department One.—December 3, 1913.]

In the Matter of the Estate of GEORGE N. WINBIGLER, Deceased. FANNIE M. REID, Appellant, v. FANNIE S. CAKE, Respondent.

ESTATE OF DECEDENT—LETTERS OF ADMINISTRATION WITH WILL AN-NEXED.—Where a will, disposing of all of the property of the testa-tor, names no executor, an heir is not entitled to letters of adminis-tration with the will annexed, unless he takes under the will.

ID.—WILL—INTREPRETATION—MEANING OF WORD "HEIRS."—Where a layman draws his own will and provides therein that if his property is worth forty thousand dollars it is to be divided among certain relatives, but that to a designated nephew and niece "I give noth-ing" for certain specified reasons; and then further provides that if his estate exceeds the above sum, "all my heirs shall receive the larger amount," the excluded nephew and niece are not entitled to

share in the excess of the estate above forty thousand dollars. The word "heirs" will not be construed to include them, when it appears from the whole will that the testator did not use it in its technical sense.

APPEAL from an order of the Superior Court of San Diego County, appointing an administratrix with the will annexed. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Tobias R. Archer, for Appellant.

A. G. Reily, for Respondent.

ANGELLOTTI, J.—According to the briefs, the only question presented on this appeal is as to the correctness of the action of the court below in appointing one Fannie S. Cake, administratrix with the will annexed of the estate of deceased, in preference to Fannie M. Reid, who was also an applicant.

The will of deceased did not name an executor, with the result that "letters of administration with the will annexed must be issued as designated and provided for in granting of letters in case of intestacy." (Code Civ. Proc., sec. 1350a.) Appellant Fannie M. Reid is a child of a deceased brother of deceased (Ira Winbigler), and is entitled to letters under the provisions of section 1365 of the Code of Civil Procedure, in preference to respondent, a cousin of deceased, if she is "entitled to succeed to" the personal estate of deceased or some portion thereof, the section expressly providing that relatives of the deceased are entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof. It is settled that in view of these provisions, an heir at law of the deceased is not as such entitled to letters of administration with the will annexed, unless he takes under the will, i. e., of course, if the will effectually disposes of all the property of the deceased. (See *Estate of Crites,* 155 Cal. 392, [101 Pac. 316], and cases there cited.)

The only question, then, is whether appellant is entitled, in view of the terms of the will, to take on distribution, any of the property of deceased. Appellant's claim for a reversal

is based entirely upon her contention that she is so entitled to take on distribution.

Deceased died leaving an estate of the value of sixty thousand dollars, a portion of the real property part thereof being subject to a mortgage on which is due seven thousand dollars. His holographic will was as follows:

"I George H. Winbigler of San Diego, California U. S. A. Being of Sound mind and good health make this my last *Will* and Testament. Should my Estate be worth the Sum of Fourty thousand dollars at the time of my death, Then it shall be divided as given below To my Neice & Nephew, Son and daughter of my Brother Ira Winbigler I give Nothing. this is because they were so foolish as to get mad and have Kept so for year at their rich uncle said George H. Winbigler Who would have loved and helped them If they would have let him. To my Only and beloved Sister Mrs. Bella McComb of Fort Scott Kansas I give the sum of Three Thousand ($3,500) five hundred dollars. If she should have died before I pass away, then this bequest shall be devided among her living children. To my beloved Niece Mildred McComb of Fort Scott Kansas daughter of my Sister Bell McComb the Sum of Three Thousand ($3000) dollars. To my beloved Niece Jennie O. Richards of Hamilton Montana and her son George Richards and her daughter Eugena Richards I give the Sum of Eight Thousand ($8,000.00) Each to share alike. Should the said Jennie C. Richard have died before I pass away then the said George & Eugena Richard Shall have equal shares of the $8000. To My beloved Cousin Lollie Winbigler Eastman of Winchester Indiana Three thousand ($3,000) dollars To my beloved Cousin Sallie Winbigler of Ansonia Indiana Three thousand ($3,000) dollars For my burial & Monument the Sum of One thousand ($1,000) dollar Shall be used. Now after all debts have been settled then the balance of my Estate Shall be devided between my most beloved Cousin Mrs. Fannie S. Cake and Sister Lillian Winbigler my beloved Cousin, both of Los Angeles, *Cal.* Now if my Estate Shall be worth more than the above Sum then all heirs, Shall receive the larger amount.

"Dated this 19 day of January, 1912."

Appellant is the person referred to in the will as a niece, the daughter of "my brother Ira Winbigler." Respondent

is the Mrs. Fannie S. Cake who is one of the residuary devisees and legatees.

The claim of appellant is substantially that the express provision that appellant and her brother, children of Ira Winbigler, shall take nothing, is limited to the contingency that the estate is not worth exceeding forty thousand dollars, and that it was the expressed intention of the testator that if the estate was worth more than that amount, all heirs at law of the deceased should at least share in the excess over forty thousand dollars. It is further suggested that the estate exceeding forty thousand dollars in value, the only operative part of the will is the last clause thereof, with the result that the whole property goes only to heirs at law of deceased, to the exclusion altogether of such of the devisees and legatees as are not heirs at law. The latter claim is, it appears to us, entirely without support in the language used.

While the will of deceased is not to be commended as being in all respects a model of clearness and precision, we think it is clear enough therefrom that the testator intended to exclude the son and daughter of his brother Ira Winbigler from all participation in his estate in any event. This appears to have been his first thought, and the one upon which he placed special emphasis. The only possible doubt in the matter is caused by the use of the word "heirs" in the final clause. While appellant is technically an heir at law of deceased, we are of the opinion that the learned judge of the trial court was entirely warranted in concluding, in view of all the provisions of the will, that the word "heirs" was not used by deceased in the ordinary legal sense as including only those who would have succeeded to his property had he died intestate. Evidently the will is not the work of one skilled in the use of legal terms. Taking the whole will together as we must do, for the purpose of ascertaining the intent of the testator, such intent appears to us reasonably clear. The deceased was evidently making a division of his estate among those whom he desired to share in it, upon the assumption that it was worth at least forty thousand dollars. If it was worth as much as forty thousand dollars, he wished his sister Mrs. McComb to have three thousand five hundred dollars, and his niece, Jennie C. Richards, and her two children to have eight thousand dollars, and so on; while any residue after payment

of debts, funeral, and monument expenses, was to be divided equally between respondent and his cousin Lillian Winbigler. If it turned out to be worth more than forty thousand dollars, he wished those for whom he had already provided on the basis of a forty thousand dollar estate only to take the excess. It seems to us that this is an entirely reasonable construction of the will, and, in fact, the only reasonable construction that can be given to it. The meaning thus given to the words "all heirs" is one that, under the circumstances, may fairly be attributed to the testator, and so reading the will all portions thereof are consistent with one another.

The order appealed from is affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.