[Civ. No. 5840. Second Appellate District, Division One.—September 28, 1927.]

In the Matter of the Estate of NONIE BOREN MAHONEY, Deceased. JOSEPH P. MAHONEY et al., Appellants, v. CITIZENS TRUST AND SAVINGS BANK (a Corporation), Respondent.

Hahn & Hahn for Appellants.

Holland, Bartlett, Thornton & Chilton, Zach Lamar Cobb and Earl A. Littlejohns for Respondent.

McLUCAS, J., *pro tem.*—The contestants appeal from the judgment and orders of the trial court admitting a foreign will to probate; appointing Citizens Trust and Savings Bank administrator with the will annexed; denying the contest of Joseph P. Mahoney, and overruling his objections to probate of said foreign will.

On May 28, 1926, respondent Citizens Trust and Savings Bank, a corporation, of Los Angeles, at the request of the executors, filed its petition for letters of administration with the will annexed, together with a copy of the will and an order admitting the same to probate in Dallas County,

Texas, duly authenticated, as required by the provisions of section 1323 of the Code of Civil Procedure. On September 13, 1926, Joseph P. Mahoney, the surviving husband of the decedent, filed his amended special appearance for the purpose of objecting to the court's jurisdiction, and to the right of petitioner Citizens Trust and Savings Bank to letters of administration with the will annexed, and alleging that Joseph P. Mahoney and decedent, Nonie Boren Mahoney, were husband and wife at the time of her death, and that they were domiciled in Chicago, Illinois; further alleging that on the thirty-first day of August, 1926, he had filed a petition with the probate court of Cook County, state of Illinois, requesting the probate of said will of the above-named decedent in said court; that said court had original and primary jurisdiction to order the probate of said will of said decedent, and that as soon as said letters were granted said petitioner would designate some proper person residing in Los Angeles County, to petition the court for ancillary letters of administration with the will annexed. Citizens Trust and Savings Bank filed an answer to said amended contest denying the allegations therein, and alleging that Nonie Boren Mahoney was at the time of her death and for many years prior thereto permanently separated from the contestant Joseph P. Mahoney, that she had established and during all of said years had maintained her home and domicile upon property owned by her in her separate right and estate located in the city of Dallas, county of Dallas, state of Texas, that the said decedent voted in Dallas County, Texas, every year since women were given the franchise in Texas up to the date of her death, namely, from 1919 to 1926; that decedent filed suit in the district court of Dallas County, Texas, for a divorce against her husband Joseph P. Mahoney on April 6, 1921; that said case resulted in a mistrial, and that on September 29, 1923, the decedent dismissed said case; that on February 16, 1924, decedent filed in the district court of Dallas County, Texas, a second suit for divorce and that said suit was pending at the time of the death of said decedent; and denying that Joseph P. Mahoney was entitled to succeed to a portion of the estate of said decedent, and alleging that by the express terms of the will decedent provided that no

part of her estate should be permitted to pass into the hands of said Joseph P. Mahoney.

The issues raised by the petition for letters by the Citizens Trust and Savings Bank and the amended contest of Joseph P. Mahoney were tried on the fourteenth day of September, 1926, and taken under advisement. On the sixth day of November, 1926, the Pacific-Southwest Trust and Savings Bank filed its petition as the nominee of Joseph P. Mahoney, husband of decedent, for letters of administration with the will annexed, together with an exemplified copy of the will and of the order admitting the will to probate in the probate court of Cook County, Illinois, which were introduced in evidence, together with the nomination of the Pacific-Southwest Trust and Savings Bank, a corporation, by Joseph P. Mahoney, to act as the administrator with the will annexed, which was filed November 15, 1926. The court then had before it for consideration the petition of the Citizens Trust and Savings Bank of Los Angeles as the nominee of the Texas executors of the will, and the petition of Pacific-Southwest Trust and Savings Bank as the nominee of Joseph P. Mahoney, husband of decedent. The court thereupon denied the petition of the Pacific-Southwest Trust and Savings Bank and granted the petition of the Citizens Trust and Savings Bank. The court made its findings that Nonie Boren Mahoney died on the twentieth day of March, 1926, in the county of Kaufman, state of Texas; that at the time of her death and for a long time prior thereto she was a resident of and domiciled in the county of Dallas, state of Texas; that said decedent left a written will with a codicil thereto; that said will and codicil were duly proved, allowed, and admitted to probate in the county court of the county of Dallas, state of Texas; that said court at the time of making said order was a court of competent jurisdiction and had jurisdiction of said matter and of all persons interested in the estate of said decedent; that said will was executed according to the laws of the state of Texas, in which state it was made and in conformity with the laws of the state of California; that a duly authenticated copy of the will and codicil and the probate thereof in the county court of the county of Dallas, state of Texas, was presented by the petitioner Citizens Trust and Savings Bank and filed in the records and papers of said cause. The court further

found as to the contest of Joseph P. Mahoney, that he was the husband of said decedent, and a resident of the city of Chicago, county of Cook, state of Illinois; that said contestant was not entitled to succeed to any portion of the estate of said decedent which is situated in the state of California; that the county court of Dallas County, Texas, had jurisdiction to admit the last will of the said decedent to probate and that the Citizens Trust and Savings Bank is one of the persons enumerated in section 1365 of the Code of Civil Procedure who is entitled to letters of administration with the will annexed in the above-entitled matter.

It appears that Joseph P. Mahoney and the decedent were married at Dallas, Texas, on January 31, 1899, and soon thereafter took up their residence in the city of Chicago; that Mrs. Mahoney first began to travel and stay away from home in 1904 or 1905; that beginning with the year 1910, and to and including 1919, she spent more than six months each year away from the home of her husband. The last time she was at her husband's home was in September, 1919; that during all of this time and until her death, March 20, 1926, Mr. Mahoney always maintained a home in Chicago; he testified that he never informed his wife directly or indirectly that he desired her to live apart from him. On April 6, 1921, Mrs. Mahoney began an action for divorce against her husband in the district court of Dallas County, Texas. This action was dismissed September 29, 1923, after trial, which resulted in a disagreement on the part of the jury. A second action was filed by Mrs. Mahoney in the district court of Dallas County, Texas, February 16, 1924, and was thereafter dismissed. The decedent declared her domicile in the city and county of Dallas, Texas, by her will dated December 23, 1924, and in the codicil dated March 12, 1926. Contestant admitted that he had not contributed to her support since 1921. Several witnesses testified that Mrs. Mahoney lived on Browder Street, in Dallas, Texas, for a period of many years before her death.

The evidence is sufficient to support the finding of the trial court that the decedent resided in Dallas County, Texas, at the time of her death, but appellant contends that decedent was then domiciled in Chicago, Illinois, by reason of the fact that the domicile of the husband is the domicile

of the wife, and that according to the law of Texas the filing of a complaint for divorce by the wife is not in itself conclusive evidence of acquiring a separate domicile, and before she is entitled to acquire a separate domicile the cause must be tried and the court must find that her husband was guilty of the cause of separation—citing *Michael* v. *Michael,* 34 Tex. Civ. App. 630 [79 S. W. 74], where the court held: "That it is a rule of law that the domicile of the husband is the domicile of the wife, and would so remain so long as he was not guilty of the offense which is the cause of the separation." The foregoing language may be regarded as *obiter dictum,* since the question at issue in the Texas case was whether the plaintiff had acquired a residence in Bexar County, Texas, while living therein for a period of three months only, while article 2978 of the Revised Statutes of 1895 of the state of Texas, as quoted in the Michael case, required a residence of six months in said county before filing of suit for divorce. Said section reads as follows: "No suit for divorce from the bonds of matrimony shall be maintained in the courts unless the petitioner for such divorce shall, at the time of exhibiting his or her petition, be an actual *bona fide* inhabitant of the state, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit."

It thus appears that the statutes of Texas recognized the right of a wife to file a suit for divorce in Texas after residing in the county where the suit is filed six months next preceding the filing of the suit. *McGrew* v. *Mutual Life Ins. Co.,* 132 Cal. 85 [84 Am. St. Rep. 20, 64 Pac. 103], has settled the rule in California, where it is said: "The theoretical unity of husband and wife dissolves in the presence of a legal proceeding, the direct and only purpose of which is to destroy that unity. This is admitted to be so where the wife brings the suit for divorce; . . . "

The principle is recognized by section 129 of the Civil Code, which reads: "In actions for divorce neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife. For the purpose of such an action each may have a separate domicile or residence depending upon proof of the fact and not upon legal presumptions."

We see no merit in appellants' first contention that at the time of her death decedent was domiciled in Chicago, Illinois.

Appellants' second and third points that the probate court of Cook County, Illinois, had original, primary and exclusive jurisdiction to order the will of decedent to be probated, and that the order admitting said will to probate in Dallas County, Texas, was ancillary, are necessarily disposed of by our decision on appellants' first point.

 Appellants claim, that Joseph P. Mahoney, as the surviving husband of the decedent, was entitled to nominate some fit and proper person to act as administrator with the will annexed under the provisions of subdivision 1 of section 1365 of the Code of Civil Procedure, and that the court erred in refusing to appoint Pacific-Southwest Trust and Savings Bank as such nominee. This section reads:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his estate or some portion thereof; and they are, respectively, entitled therein in the following order:

"I. The surviving husband or wife, or some competent person whom he or she may request to have appointed. . . .

"9. Any person legally competent. . . . "

Section 1350a of the Code of Civil Procedure provides that where an executor named in the will fails to apply for letters or appear and qualify, letters of administration with the will annexed must be issued as designated and provided for in granting of letters in cases of intestacy. Section 1365 of the Code of Civil Procedure provides that relatives of the deceased are entitled to administer only when they are entitled to succeed to the estate or some portion thereof. The surviving husband or wife are relatives of the deceased within the meaning of said section and are entitled to administer only when they are entitled to succeed to the personal estate or some portion thereof. The rule applies equally to the nominee of such surviving husband or wife. (*Estate of Crites,* 155 Cal. 392 [101 Pac. 316]; *Estate of Cook,* 173 Cal. 465, 472 [160 Pac. 553].) In the present case the husband, Joseph P. Mahoney, was not entitled to succeed

to any portion thereof. Item IV of the will reads as follows:

"Item IV. I also direct that no part of this my estate shall ever be permitted to pass into the hands of Joseph P. Mahoney, of Chicago, Illinios, either in his individual, personal, or in any representative capacity, and I do direct that the court do not appoint him to any position of trust whatsoever in reference thereto."

In view of the provisions of the will, and in view of the fact that the deceased had established a residence in Texas, as held both by the Texas court and the trial court, the husband, Joseph P. Mahoney, could not assert his dower rights under the Illinois law to property of the decedent situate either in the state of Texas or in the state of California, and therefore was not entitled to succeed to any portion of the estate of decedent. Under the terms of section 1379 of the Code of Civil Procedure administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court. Citizens Trust and Savings Bank was appointed administrator with the will annexed at the request of the foreign executor. In such case letters may be granted at the discretion of the court in the absence of any application by a person with a prior right under section 1365 of the Code of Civil Procedure. (*Estate of Meier*, 165 Cal. 456, 464 [Ann. Cas. 1914D, 121, 48 L. R. A. (N. S.) 858, 132 Pac. 764].)

It is ordered that the judgment and orders be affirmed.

Houser, Acting P. J., and York, J., concurred.