[Civ. No. 15694. Second Dist., Div. One. Apr. 22, 1947.]

Estate of LOUIS SCHWARTZ, Deceased. MINNIE K. SCHWARTZ, Respondent, v. DAVID SCHWARTZ, Appellant.

302

Isador Gralla and Joe Wapner for Appellant.

Baker & Kelleher for Respondent.

WHITE, J.—Louis Schwartz died testate on October 3, 1945. He was survived by his widow, respondent herein, and several children of a previous marriage. In his will decedent failed to name an executor. The widow and a son, David Schwartz, appellant herein, a son of the testator by the former marriage, each filed a petition for appointment as administrator with the will annexed. From an order granting letters of administration with the will annexed to the widow and from a further order denying his petition for letters of administration with the will annexed, the son prosecutes this appeal. Appellant also presents a motion for diminution of the record to include certain written objections and not presently included in the clerk's transcript. A reversal is sought upon the ground that the court erred in granting letters to the widow for the reason that by the terms of an antenuptial agreement she had waived all right or interest she might have as a wife or widow in the property of decedent.

The decedent and respondent were married October 10, 1929. On October 1, 1929, they entered into an agreement, the pertinent portions of which are as follows:

"Whereas, a marriage is contemplated between the parties hereto, and both parties are now the owners of real and

personal property, and have fully informed themselves as to their financial situation, assets and income;

"And Whereas, the parties hereto desire to make a fair and reasonable provision for party of the second part [respondent widow], in lieu of the rights, which after the consummation of said marriage, said party of the second part might or could, have, as wife, or widow, or otherwise in said real and personal property which said party of the first part now has, or may hereafter own;

"Now Therefore, it is hereby mutually agreed as follows:

"1) That said party of the second part shall receive and accept from the estate of party of the first part, after his death, if she shall survive such party of the first part as his widow, the sum of Five Thousand ($5,000.00) Dollars, in place and instead of all rights, which, as widow of party of the first part, she might otherwise have, either as a homestead community interest or otherwise or as a distributive share of the estate by operation of law, under present or future laws of the State, to be enacted, or in force and effect now or hereafter;

"2) That both parties hereto shall have, keep and retain the sole ownership, control and enjoyment of, and, during their lives, or by last will and testament, shall have the exclusive right to dispose of, any and all property of whatsoever kind which they may own now or are possessed of, or hereafter may acquire or receive, as their own absolute property, without interference by or from either one and in like manner as if said marriage had never taken place. . . ."

By his will decedent made bequests to his niece and his sister and left the remainder of his estate in equal shares to his children. With respect to the widow the will provided as follows:

"I hereby declare that all of the property, both real and personal, was and now is my sole and separate property and that my wife, MINNIE SCHWARTZ, has no interest in the same or any part thereof of any nature or description. . . .

"Because of the treatment accorded me by my present wife, MINNIE SCHWARTZ, and because of the amounts of money I have given her and expended for and on her behalf, which far exceeds the amount set forth in the Antenuptial Agreement, I hereby give, devise and bequeath to my present wife, MINNIE SCHWARTZ, the sum of Ten Dollars ($10.00), and no more, and hereby especially direct that she receive no

part or parcel of my estate save and except the Ten Dollars ($10.00) herein mentioned."

The respective petitions of the widow and the son came on for hearing together. The trial court sustained respondent widow's objection to the introduction into evidence of the antenuptial agreement, upon the ground that it was irrelevant; that in the absence of written objections setting up the antenuptial agreement as a bar to the widow's petition, the only issues before the court were those raised by the respective petitions. During the course of the hearing appellant presented written objections raising the issue of the effect of the agreement. As to these objections the court ruled: "You may file them but the court will not consider them."

The first question to be determined on this appeal is whether the court erred in sustaining respondent's objection to the introduction into evidence of the foregoing antenuptial agreement executed by her. We are persuaded that the question must be answered in the affirmative.

Section 442 of the Probate Code reads as follows: "Any person interested may contest the petition by filing written grounds of opposition thereto, challenging the competency of the applicant or his right to letters, or may assert his own right to letters. In the latter case he must file a petition and give the notice required for an original petition, and the court must hear the two petitions together."

The foregoing language is clear and explicit. It gives "any person interested" the right to contest the petition on file by "challenging the competency of the applicant or his right to letters," or such contestant may "assert his own right to letters." Should the contestant choose the latter course, then "he must file a petition and give the notice required for an original petition, and the court must hear the two petitions together." The last-named procedure was followed in the instant case.

Section 409 of the Probate Code, so far as here pertinent, provides that "Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators. . . ." Section 422 of the Probate Code, so far as applicable to the instant proceeding, reads: "Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order,

the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof:

"(1) The surviving spouse, or some competent person whom he or she may request to have appointed.

"(2) The children. . . ."

When the two petitions were filed herein, it became the duty of the court to ascertain and determine which of the two petitioners—the widow or the son of the testator—was entitled to be appointed administrator with the will annexed. In order to reach a proper conclusion upon that ultimate issue, the court not only had the power but the duty to decide and pass upon all necessary questions involved in the determination of such ultimate issue. (*Estate of Warner*, 6 Cal. App. 361, 366 [92 P. 191].) The aforesaid agreement executed by the wife of the testator was competent and material evidence to determine therefrom if thereby she relinquished all right and claim which she may have had in or to the estate of her husband because of her being wife or widow, and thereby relinquished her right to administer such estate. (*In re Davis*, 106 Cal. 453, 456 [39 P. 756]; *Estate of Patterson*, 46 Cal.App. 415, 416 [189 P. 483].)

The two petitions filed herein constituted no more or less than a contest for letters of administration with the will annexed, and the court was confronted with the duty of determining which of the two contesting parties was entitled to letters. Obviously, the court in making such determination was required to consider the agreement which purportedly relinquished the right of respondent widow to administer the estate of her deceased husband. (*Estate of Cover*, 188 Cal. 133, 138 [204 P. 583].) This we conclude because, under the mandate of the law, the court in appointing under section 409 of the Probate Court, was required to follow as to priority the procedure enunciated in section 422 of the same code. And as was said in *Estate of Crites*, 155 Cal. 392, 394 [101 P. 316]: "This does not mean alone that it shall follow the order there laid down, but it shall follow that order with observance of the qualifications there expressed. . . ." And the controlling qualification, as expressed in the section, is that the relatives of the decedent are entitled to priority only "when they are entitled to succeed to the estate or some portion thereof."

■ The antenuptial agreement in question has been brought here on this appeal. By its terms respondent widow agreed, should she survive her husband, to ''receive and accept'' from his estate the sum of $5,000 ''in place and instead of all rights which as widow of the party of the first part she might otherwise have . . . as a distributive share of the estate by operation of law. . . .'' This provision of the agreement did not require the testator to provide for this sum in his will. The agreement made her a creditor, and she became entitled to such a sum as a creditor and could enforce collection of the same in the manner provided for creditors of the estate. (*Estate of Warner,* 158 Cal. 441, 445, 446 [111 P. 352].)

■ Having by the foregoing agreement released all claim in and to the property owned by her husband at the time of the marriage and also all interest he might have at the time of his death, respondent widow was thereby not entitled ''to succeed to the estate or some portion thereof,'' as required by section 422 of the Probate Code. (*Estate of Warner,* 6 Cal.App. 361, 363 [92 P. 191]; *Estate of Edson,* 143 Cal. 607, 608 [77 P. 451]; *Estate of Patterson,* 46 Cal.App. 415 [189 P. 483]; *In re Davis, supra,* p. 455; *In re Somerville's Estate,* 12 Cal.App.2d 430, 432 [55 P. 2d 597].) Having contracted away her inheritable interest in her husband's property, the right to administer upon his estate went with that relinquishment. ■ Furthermore, it might here be observed that no prejudice could have ensued to respondent had the court admitted into evidence the antenuptial agreement. The due execution and validity of such agreement were conceded. There was no element of surprise or unfair advantage involved, such as might sometimes arise in a proceeding where one party might seek to inject a new defense or cause of action, or to introduce evidence as to issues not framed by the pleadings or properly raised at the trial. As heretofore pointed out, any evidence material to the question of which of the two petitioning parties was entitled to letters of administration was competent and admissible when the two petitions for appointment were before the court. The antenuptial agreement should therefore have been admitted into evidence and considered by the court.

■ Respondent, however, contends that because under the terms of the will she was to receive the sum of ten dollars, she possesses a prior right to letters of administration with the will annexed over a son who also takes property under

the will. With this claim we cannot agree. Reference to the statutes of this state fortified our view that but one conclusion can be arrived at as to the meaning of the clause contained in section 422 of the Probate Code, "entitled to succeed to the estate or some portion thereof," because we find section 200 of the same code declaring: "Succession is the acquisition of title to property of one who dies without disposing of it by will." We think it clear that what the lawmakers meant when they used the word "succeed" in section 422 of the Probate Code was persons who take property by operation of law—by descent—by succession. This conclusion is further fortified when we look at subdivision 7 of the just-mentioned Probate Code section, for that subdivision provides that the relatives of a previously deceased spouse are entitled to letters of administration only when such relatives are entitled to "succeed to some portion of the estate." Taking by devise or bequest, as does respondent widow herein, she does not *"succeed"* to it. And it is made plain by the very nature of the provisions of section 422 of the Probate Code that it contemplates cases wherein a party takes by succession. The provision of the will here under consideration, leaving to respondent widow the sum of ten dollars, does not entitle her to "succeed" to any portion of the estate, but merely constitutes her a legatee under the will. (*Estate of Wakefield,* 136 Cal. 110, 112, 113 [68 P. 499]; *Estate of Cover, supra,* at p. 137; *Estate of Mahoney,* 85 Cal.App. 675, 681 [259 P. 1014]; 11A Cal.Jur. 302, § 210.) Respondent relies strongly on the cases of *Estate of Crites, supra,* and *Estate of Winbigler,* 166 Cal. 434, 435 [137 P. 1]. We find nothing in the two cases that militates against what we have herein enunciated. The holding in the cited cases may be epitomized by quoting from the Winbigler case, page 435, the following language, for which the Crites case is cited as authority: "It is settled that in view of these provisions" (referring to sections 1350a and 1365 of the Code of Civil Procedure, now sections 406, 421 and 422 of the Probate Code), "an heir at law of the deceased is not as such entitled to letters of administration with the will annexed unless he takes under the will, i. e., of course, if the will effectually disposes of all the property of the deceased." In the proceeding now engaging our attention respondent widow had by written agreement relinquished her right to succeed, while appellant herein was not only clothed with the right to succeed to a

portion of the decedent's estate, but also took under the will.

The motion for diminution of the record is denied. The orders appealed from are and each of them is reversed, and the cause remanded with direction to the court below to grant the petition of appellant David Schwartz for probate of the last will and testament of Louis Schwartz, deceased, and for the issuance to said appellant David Schwartz of letters of administration with the will annexed.

York, P. J., and Doran, J., concurred.