[L. A. No. 25770.   In Bank.   July 1, 1960.]

Estate of MAUDE A. STICKELBAUT, Deceased. LEONA S. HALL, Appellant, v. HERBERT RALPH WATERS, Respondent.

Colman & Rotunno, M. Robert Colman and Vito Rotunno for Appellant.

Blek & Wilcox, Charles L. Blek and C. F. Wilcox for Respondent.

PETERS, J.—This is an appeal from an order admitting the will of Maude A. Stickelbaut to probate, granting letters of administration with the will annexed to her son, Herbert Ralph Waters (the respondent), and denying a similar petition of Leona Skilliter Hall (appellant) a granddaughter of the testatrix.

The will in question was executed by Maude and her husband (C. L. Stickelbaut), as a joint testament, on December 31, 1926, on which date Maude was 42 years of age. It remained in effect to the date of her death, which was January 4, 1959.

On the date of the execution of the will Maude's living issue were:

Herbert Ralph Waters, then approximately 24 years of age, a son by a previous marriage;

Leona DeLima, then approximately 19 years of age, a daughter, presumably by a previous marriage;

Jessie Buckley, a daughter;

Leona Skilliter, then approximately 3 years old, a daughter of Jessie Buckley;

Richard Skilliter, then approximately 2 years old, a son of Jessie Buckley.

We are not told Jessie Buckley's age, nor who was her father. From the last name it may be assumed that she was Maude's daughter by still another husband. Jessie died in 1944. The granddaughter (Leona Skilliter) subsequently married, and is now Leona Skilliter Hall, the appellant herein.

Mr. Stickelbaut predeceased Maude, by a short period of time, leaving on the date of the latter's death only the two children (Herbert Ralph Waters and Leona DeLima) and the two grandchildren (Leona Skilliter Hall and Richard Skilliter).

The will named an executor who declined to act, and who filed a renunciation. The only other pertinent portions of the will consisted of the following two paragraphs:

"We hereby direct that in the event we should both die at or about the same time, then and in that event our entire rights, title, and interest in and to, any and all property of which we may die possessed shall become the property of our Grandaughter [sic]—LEONA MARGARET SKILLITER, absolute. . . . [followed by trust provisions which have become immaterial by reason of Leona's present age]."

"Any other legal claimants shall have One Dollar each only."

Leona Hall, the grandchild, and Herbert Waters, the son, each filed separate petitions for letters of administration with the will annexed. In support of his petition Herbert filed a waiver executed by his sister, Leona DeLima. Richard Skilliter did not appear.

The two petitions were heard simultaneously by the probate court, each petitioner appearing in support of his or her petition and in opposition to the other. The only issue involved or presented was the question of which party had priority for letters. To make this a pure question of law, the parties stipulated to the ultimate fact that the son was a pretermitted heir. Appellant urged that respondent, as a pretermitted heir, takes

adversely to the will, and therefore may not be appointed as administrator with the will annexed. Respondent took the position that he, as a pretermitted heir, succeeds to a portion of the estate, and is therefore a proper person to be so appointed.[1]

The probate court made findings of fact in which it found, among other things, that respondent was a son of decedent who was unprovided for by settlement, who was not provided for in the will, and "that it does not appear from the will of testatrix that the omission . . . was intentional." As a conclusion of law it found that respondent is a pretermitted heir entitled to succeed to a share in the estate, and therefore entitled to letters of administration with the will annexed. The court thereupon entered its order admitting the will to probate and appointing respondent as such administrator with the will annexed. From such order and appointment the grandchild has appealed.[2]

As she did in the trial court, appellant initially urged on appeal the single point that a pretermitted heir may not be appointed as administrator with the will annexed because he has no interest in the will. However, in the latter stages of the appeal (presumably as a result of the decision in the District Court of Appeal which raised the point) she now urges

---

[1]During the course of the hearing, which lasted but a few moments, the following colloquy took place between the court, Mr. Colman (counsel for appellant) and Mr. Blek (counsel for respondent):

"THE COURT: Well, we have actually a pure question of law, do we not?

"MR. COLMAN: That's right.

"THE COURT: No question of evidence, is there, as long as we can agree?

"MR. BLEK: If counsel will stipulate that I am a pretermitted heir——

"MR. COLMAN: I can stipulate to that, your Honor, because——

"MR. BLEK: I can put on evidence.

"THE COURT: Let's put on evidence.

"MR. BLEK: I will put on evidence.

"MR. COLMAN: Just one second, your Honor. I think the will itself will be self-explanatory. It is just a question of law as to what the interpretation of those words is.

"MR. BLEK: The only point I want to make is that the only testimony I wish to offer is that the son has not had any advancement, and he clearly comes within the provisions of Probate Code 90, and is a pretermitted heir.

"MR. COLMAN: I will stipulate——

"MR. BLEK: Stipulate to that——

"MR. COLMAN: I will stipulate that he did not have an advancement, but I will not stipulate that the words of the will did not exclude him from taking under the will."

[2]Pending appeal the estate is being administered by respondent under special letters of administration.

that respondent may not be a pretermitted heir, and that the appellate court was not bound to so hold merely because both parties had stipulated that he was.

It is quite true that an appellate court is not bound to accept concessions of the parties as establishing the law applicable to a case (*Desny* v. *Wilder*, 46 Cal.2d 715, 729 [299 P.2d 257]). But here we are not dealing with a "concession" in the sense of an admission made during the course of an argument on appeal; nor have we the concession of the parties in regard to a question of law. We have before us a stipulation of ultimate fact. Nothing can be clearer than that the parties, for the purpose of presenting to the probate judge a disputed question of law, agreed upon the ultimate fact that respondent is a pretermitted heir. Ordinarily that question arises on a petition to determine heirship,[3] or on a contested petition for distribution, and when it so arises it may be a pure question of law, a pure question of fact, or a mixed question of law and fact, depending upon the circumstances and the manner in which it is presented (*Estate of Torregano, ante*, p. 234 [5 Cal.Rptr. 137, 352 P.2d 505]). Here the parties treated it as a stipulated fact, based on which the court was to draw a conclusion of law. We do not know what attitude respondent would have taken had the stipulation not been made. He had pleaded that he was a pretermitted heir. Had he been advised that this fact was disputed, while the matter was still before the trial court, he could have offered pertinent evidence. Such right should not be cut off by withdrawal of a stipulation after it becomes too late to offer that evidence.

We are not here called upon to decide whether appellant may be relieved from her stipulation at some other stage of these proceedings, or, if so, under what circumstances such relief might be granted.[4] She has not requested relief, and (as stated above) this would be an improper stage of the case at which to consider such a request had it been made. Nor are we presently concerned with the effect of that stipulation upon the other unnamed heirs at law. Here we are dealing only with the question of priority of appointment as administrator, and in determining that question we are bound to treat respondent as a pretermitted son and appellant as a grandchild

[3]Governed by the provisions of Probate Code, sections 1080-1082, such petition is properly heard at any time before distribution. See *Estate of Nicoll*, 79 Cal.App.2d 48, 53 [179 P.2d 95], to the effect that questions of interpretation of the testator's intent are not properly determined on appeal from an order appointing administrator.

[4]See 46 Cal.Jur.2d, § 18, p. 43.

who is the sole legatee under the will. The clause leaving one dollar to other legal claimants, the fact that the son was not specifically named in the will, and all other matters which might otherwise determine pretermission have been removed from our consideration by the stipulation of ultimate fact.

The sole question presented is who has priority to letters of administration between a pretermitted son and a granddaughter who is named as sole legatee in the will, when the named executor declines to act? The answer is clear and was answered correctly by the probate court. Such priority is governed by Probate Code, section 409, which provides that "Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators, except that, as to foreign wills, a person who is interested in the will has priority over one who is not." Appointment of administrators is governed by section 422 of the same code, which grants children a priority over grandchildren. However, the priorities expressed in the latter section are all limited by the language therein contained which limits all relatives' priorities to persons "who are entitled to succeed to the estate or some portion thereof." This language has long been construed, insofar as intestacy may be concerned, to mean that only those relatives who take some share of the estate by operation of law, by descent, or by succession, are entitled to priority as administrators (*Estate of Crites*, 155 Cal.392, 393 [101 P. 316]; *Estate of Schwartz*, 79 Cal.App.2d 301, 307 [179 P.2d 863]). The reason for the statutory rule is predicated upon the policy of placing administration in the hands of the persons most likely to convert the property to the advantage of those beneficially interested (*Estate of Jacobs*, 100 Cal.App.2d 452 [223 P.2d 898]). It follows, that where there is no will, a relative who is otherwise junior in priority, but who is an heir at law, will be appointed ahead of one senior in priority but who, for some extrinsic reason, does not succeed to any portion of the estate.

Since the language of section 409 makes all of the foregoing applicable, it follows that where there is a will, but no executor, letters of administration with the will annexed will be granted subject to the same limitation (*Estate of Crites, supra*).

Here we have two persons "entitled to succeed to the estate or some portion thereof." The son, Herbert, succeeds as a pretermitted heir, and the granddaughter, Leona, succeeds as a legatee (and in case of intestacy as the daughter

of a predeceased child). It would therefore appear to be clear that letters should be granted to the son, who is first in priority. ■ Leona argues that the last phrase of section 409 gives to her a greater priority because she is "a person who is interested in the will" whereas Herbert, the son, is not such a person. In this she relies upon those authorities which hold that a pretermitted heir does not take under the will, but takes adversely to it. That the authorities so hold is without question. But Herbert's lack of interest in the *will* does not alter the fact that he succeeds to a portion of the *estate*. The language of the section relied upon by Leona is limited to foreign wills, which explains why the Legislature used the word "estate" in one instance, and the word "will" in the other. The legislative purpose and policy expressed in the *Estate of Jacobs, supra,* is equally applicable to both parties here, as they each are persons likely to convert the property to the advantage of those beneficially interested. He with the greater priority is, therefore, the proper appointee. Had the Legislature intended that lack of interest in a domestic *will,* as distinguished from a right to succeed to a portion of the estate, should control the appointment of administrator with the will annexed, it would have so expressed itself in framing the language of section 409.

Appellant relies on several cases to establish a contrary result. In each, it is true, a relative of lesser kinship (and hence junior in priority under the terms of section 422) was granted letters of administration with the will annexed as against a relative of closer kinship. But in each such case the closer relative did not succeed to any portion of the estate. While the courts, in some of these cases, stated that a person is not entitled to such letters unless he takes under the *will,* a review of each case cited by appellant indicates that where such phraseology occurred it was not controlling, and that the result was reached because the person entitled to letters either took under the will or succeeded to a portion of the estate, and the person denied letters neither took under the will nor succeeded to any portion of the estate.

Thus, in *Estate of Martens,* 10 Cal.2d 395 [74 P.2d 238], the dispute was between the person originally named as executor and the children of decedent. The court merely held that the alleged executor's petition for letters must be denied because of subsequent revocation of the appointing paragraph of the will, and that the children (who were legatees under the will) were entitled to letters of administration with the will an-

nexed. Nothing was determined or stated regarding the right to administer if not named in the will.

In *Estate of Crites, supra,* 155 Cal. 392, both decedent's widow and his child by a former marriage sought letters of administration when the executor named in the will failed to qualify. Although the spouse would otherwise have priority under section 422, Mrs. Crites was held to have lost this priority by reason of disinheritance. Although the opinion referred to her as one "who takes nothing under . . .[the] will" (p. 393), letters were granted to the children because Mrs. Crites neither took under the will nor succeeded to any portion of the estate. Furthermore, the court expressly stated (p. 394) that the widow would have been entitled to letters of administration with the will annexed if she had shown that she was entitled to *succeed* to some portion of the estate.

In *Estate of Winbigler,* 166 Cal. 434 [137 P. 1], the court did state, at page 435, that an heir at law is not entitled to letters of administration with the will annexed unless he takes under the will. However, to this statement the court added an explanation that this is true *only if the will disposes of all of the property of the deceased.* This, of course, is tantamount to saying that such heir is not entitled because he takes nothing, either by will or by succession. Furthermore, the court cited only *Estate of Crites* which, as we have seen, held that the heir might have been entitled to letters even though omitted from the will, if she had shown that she would succeed to a portion of the estate.

*Estate of Cook,* 173 Cal. 465 [160 P. 553], construed several letters as the will of the decedent. Under such will the surviving husband was left nothing, and testatrix' brother was named as legatee. No executor was named. In granting letters of administration with the will annexed to the brother, and not to the husband, the court said, at page 472, that "those only are entitled to letters who in case of intestacy are entitled to succeed to the personal estate of the deceased or some portion thereof and who in case of testacy take by bequest some portion of that personal estate." The use of the phrase "by bequest" was both unfortunate and unnecessary, since it was not claimed that the husband succeeded to any portion of the estate, as an heir or otherwise. Also, like the Winbigler opinion last referred to, this opinion relied only on *Estate of Crites* which would have authorized letters to the widow had she been a pretermitted heir.

*Estate of Sayers,* 203 Cal. 753 [265 P. 924], dealt with a

foreign will and a disinherited nonresident widow. In granting letters to a resident daughter, in lieu of the widow, the court merely invoked the clause of section 409 which denies letters of administration with the will annexed to one who has no interest in a *foreign* will, as distinct from a domestic will.

The last case cited by appellant is *Estate of Jacobs,* 100 Cal.App.2d 452 [223 P.2d 898], which we have referred to above. Appellant calls attention to pages 454 to 459 of that opinion, wherein the foregoing citations are reviewed. We find nothing therein to aid appellant's contention herein, except the continual use of phraseology indicating that an administrator with the will annexed should be a person who takes under the will. However, the case involved a dispute between disinherited close relatives who took nothing under the will or by succession and a distant relative who was the sole beneficiary. The closing paragraph of the opinion is contrary to appellant's contention. There the court refused to limit the class who may be administrators with the will annexed as those who ''succeed'' to an estate in the technical sense of those who take by the laws of succession. Rather, it holds, the class includes all of those who share in the proceeds of the estate.

Summarizing these cases, it can be said that they denied priority to specific relatives only because they took nothing by will or succession, or because in the case of a foreign will the applicant had no interest in the will. On the other hand, the language of the Crites case (*supra,* 155 Cal. 392) expressly left open the precise question posed here, stating, at page 394: ''It is not meant by this to declare that, notwithstanding the terms of a will, a petitioner, such as a widow, would be forbidden to show that, despite its language, she was entitled to succeed; . . .'' In the instant case the stipulation of the parties has relieved Herbert of any such showing, and he is a person entitled to succeed.

The order is affirmed.

Gibson, C. J., Traynor, J., White, J., and Dooling, J., concurred.

McCOMB, J.—I concur in the affirmance of the order of the superior court, for the reasons expressed by Mr. Justice Ashburn in the opinion prepared by him for the District Court of Appeal in *Estate of Stickelbaut,* (Cal.App.) 1 Cal. Rptr. 471.

Schauer, J., concurred.