[Civ. No. 31825.   Second Dist., Div. One.   Feb. 5, 1968.]

Estate of CHARLES E. LOCKE, Deceased. S. I. BACON, Petitioner and Respondent, v. BALDO M. KRISTO-VICH, as Public Administrator, etc., Objector and Appellant.

Harold W. Kennedy, County Counsel, Dixon M. Holston and Gerald F. Crump, Deputy County Counsel, for Objector and Appellant.

No appearance for Petitioner and Respondent.

LILLIE, J.—On May 15, 1966, Locke, a resident of Los Angeles County, died intestate leaving property therein. S. I. Bacon, a stranger to the estate, but the nominee of Jesse S. Locke, decedent's resident brother, filed petition for letters of administration; thereafter the Public Administrator of the County of Los Angeles filed his petition for letters alleging that the heirs at law are the two nonresident children. The trial court found that decedent left surviving him an adult daughter and son, both nonresidents, and two brothers, one a resident of Texas and Jesse S. Locke, a resident of California (Finding of Fact II), and that Jesse S. Locke had nominated S. I. Bacon to act as administrator (Finding of Fact III); and concluded that Bacon is entitled to letters of administration. From the order appointing Bacon as administrator and

denying the petition of the public administrator, the latter appeals.

Appellant contends that the nominee of the resident brother, who is not an heir, is subordinate to the public administrator, thus he is entitled to letters of administration.

█ Respondent has not seen fit to submit a brief. The clerk of this court, pursuant to rule 17(b), Rules of Court, notified respondent in effect that the case would be submitted for decision on the record and on the appellant's opening brief unless respondent filed a brief. No brief has been forthcoming. Under the circumstances, we can only assume that respondent has abandoned any attempt to support the order and that the grounds urged by appellant for reversing the order are meritorious. (*Mann* v. *Andrus,* 169 Cal.App.2d 455, 458-459 [337 P.2d 473]; *Moreno* v. *Mihelis,* 207 Cal.App.2d 449, 450 [24 Cal.Rptr. 582]; *Perfection Paint Products* v. *Johnson,* 164 Cal.App.2d 739, 740 [330 P.2d 829].) █ Moreover, it appears, as a matter of law, that the trial court erred in granting Bacon's petition and denying that of the public administrator. Under controlling statutes Jesse is not entitled to priority as administrator, and his nominee (§ 423, Prob. Code), having no greater right than he (*Estate of Somerville,* 12 Cal.App.2d 430, 432 [55 P.2d 597]), is subordinate to the public administrator.

Order of priority of right to letters is set up in section 422, Probate Code: "Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof:

"(1) The surviving spouse, or some competent person whom he or she may request to have appointed.

"(2) The children.

"(3) The grandchildren.

"(4) The parents.

"(5) The brothers and sisters.

"(6) The next of kin entitled to share in the estate.

"(7) The relatives of a previously deceased spouse, when such relatives are entitled to succeed to some portion of the estate.

"(8) The public administrator.

"(9) The creditors.

"(10) Any person legally competent."

620

■ A person to be entitled to letters and ''competent to serve as an administrator,'' must be ''a bona fide resident of this state.'' (§ 420, Prob. Code; *Estate of King,* 206 Cal.App. 2d 688, 689 [24 Cal.Rptr. 134, 99 A.L.R.2d 1060].) Thus, for Jesse S. Locke to have priority over the public administrator, he must be a resident of California and entitled to succeed to his brother's estate or some portion thereof. While the record shows that Jesse resides in Hayward, California, it fails to establish that he is ''entitled to succeed to the estate'' of Charles E. Locke, ''or some portion thereof.''

■ The provision that ''the relatives of the decedent [are] entitled to priority only when they are entitled to succeed to the estate or some portion thereof,'' (§ 422, Prob. Code) has been interpreted to limit priority of right to letters to administer an intestate estate to those relatives who are entitled to share therein by reason of California statutes of intestate succession. (*Estate of Stickelbaut,* 54 Cal.2d 390, 395 [6 Cal.Rptr. 7, 353 P.2d 719]; *In re Eggers,* 114 Cal. 464, 465-466 [46 P. 380]; *Estate of Wakefield,* 136 Cal. 110, 112 [68 P. 499]; *Estate of Way,* 29 Cal.App.2d 669, 672-673 [85 P.2d 563]; *Estate of Schwartz,* 79 Cal.App.2d 301, 307 [179 P.2d 863].) ''Succeed'' as used in section 422, Probate Code, is construed in accord with the provisions of section 200 et seq., Probate Code, defining ''succession.'' (§ 200, Prob. Code; *Estate of Wakefield,* 136 Cal. 110, 112 [68 P. 499]; *Estate of Way,* 29 Cal.App.2d 669, 672-673 [85 P.2d 563].) ''Reference to the statutes of this state fortified our view that but one conclusion can be arrived at as to the meaning of the clause contained in section 422 of the Probate Code, 'entitled to succeed to the estate or some portion thereof,' because we find section 200 of the same code declaring: 'Succession is the acquisition of title to property of one who dies without disposing of it by will.'' We think it clear that what the lawmakers meant when they used the word 'succeed' in section 422 of the Probate Code was persons who take property by operation of law—by descent—by succession. This conclusion is further fortified when we look at subdivision 7 of the just-mentioned Probate Code section, for that subdivision provides that the relatives of a previously deceased spouse are entitled to letters of administration only when such relatives are entitled to 'succeed to some portion of the estate.' Taking by devise or bequest, as does respondent widow herein, she does not 'succeed' to it. And it is made plain by the very nature of the provisions of section 422 of the Probate Code

that it contemplates cases wherein a party takes by succession.'' (*Estate of Schwartz,* 79 Cal.App.2d 301, 307 [179 P.2d 863].) Citing *Schwartz,* the Supreme Court in *Estate of Stickelbaut,* 54 Cal.2d 390 [6 Cal.Rptr. 7, 353 P.2d 719], said, ''However, the priorities expressed in the latter section [422, Prob. Code] are all limited by the language therein contained which limits all relatives' priorities to persons 'who are entitled to succeed to the estate or some portion thereof.' This language has long been construed, insofar as intestacy may be concerned, to mean that only those relatives who take some share of the estate by operation of law, by descent, or by succession, are entitled to priority as administrators (*Estate of Crites,* 155 Cal. 392, 393 [101 P. 316]; *Estate of Schwartz,* 79 Cal.App.2d 301, 307 [179 P.2d 863]).'' (P. 395.)

Section 200, Probate Code, defines ''succession'' as ''the acquisition of title to the property of one who dies without disposing of it by will.'' Under section 220, ''The separate property of a person who dies without disposing of it by will is succeeded to and must be distributed as hereinafter provided, subject to the limitation of any marriage or other contract, and to the provisions of section 201.5 and Division III of this code.'' Section 222, Probate Code, provides: ''If the decedent leaves no surviving spouse, but leaves issue, the whole estate goes to such issue . . .''; and section 225, ''If the decedent leaves neither issue nor spouse, the estate goes to his parents in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to his brothers and sisters and to the descendants of deceased brothers and sisters by right of representation.''

It is clear from the trial court's findings that section 225, Probate Code, has no application since the decedent is survived by issue; thus, section 222, Probate Code, controls succession to the property of this intestate estate. The decedent having left no surviving spouse, the whole estate goes to his issue—a son, Charles E. Locke, Jr., and a daughter, Edith Jordan, neither of whom are California residents. Since Jesse S. Locke is not a person entitled to succeed to his brother's estate or any portion thereof, and thus would have no priority in right to letters of administration over the public administrator, neither has his nominee, S. I. Bacon.

The fact that decedent's son Charles testified that his father told him ''if anything happens to me, I would like Uncle Jesse to have the car,'' does not alter the succession rights to this intestate estate. At most, it constitutes an

expressed "wish" which the son and daughter upon succeeding to the whole estate may honor as they see fit.

The mandate of section 422, Probate Code, is clear. "It provides in pertinent part as follows: 'Administration of the estate . . . *must be granted* to one or more of the following persons, *who are entitled to letters in the following order.* . . . (8) The public administrator. . . . (10) Any person legally competent.' " (*Estate of King,* 206 Cal.App.2d 688, 690 [24 Cal.Rptr. 134, 99 A.L.R.2d 1060].) In as much as the public administrator is the eighth in line of priority under section 422, he has priority for letters of administration over both Jesse S. Locke and his nominee S. I. Bacon, a stranger to the estate, each of whom falls in the tenth class of priority under section 422 as "any person legally competent." Thus, the court had no discretion to choose between the stranger nominee of a person not entitled to succeed to the estate or any portion thereof, and the public administrator.

The order is reversed.

Wood, P. J., and Fourt, J., concurred.