[Civ. No. 48838. Second Dist., Div. Two. Jan. 3, 1977.]

Estate of ROBERT WANAMAKER, Deceased.
JEFF WANAMAKER, Petitioner and Appellant, v.
ADA CARR WANAMAKER, Objector and Respondent.

588

**COUNSEL**

Paul R. Hutchinson and Mark A. Treadwell for Petitioner and Appellant.

Hahn & Hahn, William S. Johnstone, Jr., and Susan T. House for Objector and Respondent.

**OPINION**

**FLEMING, J.**—This is a proceeding in probate for appointment of an administrator with will annexed in the estate of Robert Wanamaker, deceased. Jeff Wanamaker, deceased's son, appeals those parts of an order which denied his petitions for appointment of himself or his nominee and granted the petition of deceased's wife, respondent Ada Carr Wanamaker, for appointment of her nominee.

Robert Wanamaker, a Nevada resident, died in an airplane crash in November 1972. He disposed of his $2½ million estate in a brief holographic will:

"Pasadena, Cal.

"July 31, 1969

"I, Robert Wanamaker, declare this to be my will:

"I give $25,000.00 to my wife Ada Carr Wanamaker.

"I give all the rest, residue, and remainder (of my estate) to my son Jeff. Should he predecease the distribution of my estate, I increase the gift to Ada Carr and give her an additional $25,000.00.

"If Jeff predeceases the distribution of my estate and I leave no issue then living, I give such rest, residue, and remainder to those who would be my heirs in the event of intestacy not including however my wife Ada Carr.

Robert Wanamaker"

The will was admitted to probate in Nevada, and respondent, a Nevada resident, was appointed administratrix with will annexed.

To administer the $½ million portion of the estate located ·in California, appellant, also a Nevada resident, petitioned for probate of the will in Los Angeles Superior Court and for appointment of himself as administrator with will annexed. Appellant later petitioned in the alternative for appointment of his nominee, Fred Amesbury, a California resident. Respondent opposed appellant's petitions for appointment and petitioned for appointment of her own nominee, Stanley Hahn, a California resident.

The court admitted the will to probate. On the sole ground that respondent had unqualified statutory priority over appellant, the court issued letters of administration with will annexed to respondent's nominee.

Appellant contends the court misinterpreted the statutory scheme for appointment of administrator with will annexed, and he, beneficiary of the lion's share of the estate, was entitled to the court's consideration for appointment of himself or his nominee.

If a deceased dies testate but fails to name an executor, the court appoints an administrator with will annexed to oversee the estate. The position is hybrid, a cross between an executor and an administrator. Probate Code section 409[1] describes the powers of the position:

"Administrators with the will annexed have the same authority over estates which executors named in the will would have, and their acts are

---

[1]All further statutory references are to the Probate Code.

as effectual for all purposes; but if a power or authority conferred upon an executor is discretionary, and is not conferred by law, it shall not be deemed to be conferred upon an administrator with the will annexed."

Section 409 also governs appointment to the position:

"Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators. . . ."

Section 422 lists the order of priority for appointment of administrators:

"(1) The surviving spouse, or some competent persons whom he or she may request to have appointed.

(2) The children.

(3) The grandchildren.

(4) The parents.

(5) The brothers and sisters.

(6) The next of kin entitled to share in the estate.

(7) The relatives of a previously deceased spouse, when such relatives are entitled to succeed to some portion of the estate.

(8) The public administrator.

(9) The creditors.

(10) Any person legally competent."

Section 409 qualifies the order of priority further:

"[E]xcept that, one who takes under the will has priority over one who does not, and need not be entitled to succeed to the estate or some portion of the estate under the law of succession."

This qualification "is predicated upon the policy of placing administration in the hands of persons most likely to convert the property to the advantage of those beneficially interested." (*Estate of Stickelbaut* (1960) 54 Cal.2d 390, 395 [6 Cal.Rptr. 7, 353 P.2d 719].)

In 1974 the Legislature added another qualification to the order of priority (Stats. 1974, ch. 511, § 1, p. 1191):

"Administration may be granted to one or more competent persons who are not otherwise entitled to appointment as a matter of priority, upon the written request filed with the court by a resident of the United States who takes more than 50 percent of the value of the estate under the will."

This last sentence of section 409 is the basis of the appeal. Appellant argues that, even though respondent holds a higher priority on the section 422 list, this last sentence of section 409 entitles him, a resident of the United States who takes more than half the value of the estate under the will, viz. 99 percent, to the court's consideration for appointment of himself or his nominee. He urges that the probate court ignored the plain and sensible meaning of this sentence and that we remand the cause for exercise of the court's discretion to appoint under proper guidelines. Respondent counters with the argument that, in light of the statutory history of the 1974 amendment and the long-standing policy giving preference to a surviving spouse, the last sentence of section 409 should be interpreted, as it was by the probate court, to mean that appellant takes priority over the public administrator but not over a surviving spouse who shares in the estate under the will.

Respondent presents plausible argument why the statute should be read as she suggests. The law traditionally has recognized a preference for the surviving spouse in administration of estates. "A surviving husband or wife is always interested in the estate, and generally immediately dependent upon it, and the policy of the law plainly is, that he or she shall have the administrative control, if desired." (*In re Dorris* (1892) 93 Cal. 611, 613 [29 P. 244].) Respondent, moreover, has exhumed a 1973 bar association proposal for amendment of the statutory priority scheme, an apparent ancestor to the 1974 amendment to section 409. That proposal, offered by the Orange County Bar Association (1973 State Bar Conf. Res. 11-5) and approved in principle by the State Bar Association (48 State Bar J. 723 (1973)), called for amendment of section 422 to place "beneficiaries under the will of the decedent"

ahead of the public administrator but behind the surviving spouse and other relatives on the descending priority scale.[2]

■ Tradition and proposed legislative drafts may be helpful in interpreting a statute when its meaning is unclear, but they cannot override the unequivocal meaning of the words finally adopted by the Legislature. In determining legislative intent, courts turn first to the words of the statute and give effect to them in their usual and ordinary import. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) The words here plainly state that the court may appoint as administrator with will annexed a competent person not otherwise entitled to appointment as a matter of priority on written request of a resident of the United States who takes more than 50 percent of the value of the estate under the will. The statute in no way limits the court's discretion to estates where the surviving spouse or other relatives take nothing under the will. It does not refer to the priority scheme of section 422. It leaves no room for the interpretation sought by respondent.

Section 409 does no violence to the policies urged by respondent. ■ "Normally an estate should be administered by the person most likely to convert the property to the best advantage of those beneficially interested." (*Estate of Mullane* (1967) 253 Cal.App.2d 441, 442 [61 Cal.Rptr. 366].) The surviving spouse usually is the person most beneficially interested in the estate, but, as here, not always. Section 409 gives the probate court discretion to appoint the nominee of the person most beneficially interested in the estate where that person is not otherwise entitled to priority under intestate succession priority. In the exercise of its discretion, the court must consider the interests of the surviving spouse and all others beneficially interested in the estate.

■ We cannot agree with appellant, however, that he is entitled to nominate himself as administrator with will annexed. Appellant is a Nevada resident. Although executors need not be California residents (see § 401), administrators must be residents. (§ 420.) In this respect it is clear the Legislature intended administrators with will annexed to be more like administrators than executors. The Legislature has gone to great lengths to provide a method of service on nonresident executors

---

[2]Whatever the substantive merits of the bar association proposal, the particular statutory change recommended was clearly unacceptable. The addition of the phrase "beneficiaries under the will of the decedent" to a statute listing priorities when the decedent dies *without* a will only would have caused confusion.

(§§ 405.1-405.6) to assure that the nonresident executor may be held accountable for his administration of the estate. No similar statutes govern service of nonresident administrators with will annexed, not because the Legislature believed they should be held less accountable than executors, but because the Legislature intended they would always be residents.

That part of the order denying appellant's petition for appointment of himself as administrator with will annexed is affirmed. Those parts of the order denying appellant's petition for appointment of his nominee and granting respondent's petition for appointment of her nominee are reversed. The cause is remanded for further proceedings in accordance with this opinion. Costs on appeal to appellant.

Roth, P. J., and Compton, J., concurred.